# UNITED STATES FEDERAL DISTRICT COURT

# SPRINGFIELD, MASSACHUSETTS

**Plaintiff:**

David P. Fontaine (Pro Se Litigant)

68 Van Horn Street

West Springfield, Massachusetts 01089

vs.                                                                                     **Civil Action No.** 04-30080 - MAP

**Defendants:**

United States (U.S.) Government;

U.S. Internal Revenue Service (IRS) and the IRS Office of the Commissioner;

IRS employees – Sheila O'Brien, Lynn Walsh, Jane B. Finnegan, Larry Leder, and Dennis Parizek

Connecticut State (Conn.) Government

Conn. Dept. of Revenue Services (CDORS) and the CDORS Office of the Commissioner

Governor John Rowland and Commissioner Gene Gavin

Massachusetts State (Mass.) Government

Mass. Departments of Revenue (MDOR) and the MDOR Office of the Commissioner

# COMPLAINT

## I. PARTIES

1. <u>The Plaintiff</u> is a resident of West Springfield, Mass., a natural born Mass. Sovereign Citizen, and a nonresident alien of the State of Conn.

>David P. Fontaine
>68 Van Horn St
>West Springfield, Mass. 01089

2. <u>The Defendants</u> are multi-district, crossing State and Federal boundaries.

| | | |
|---|---|---|
| | Governor John Rowland<br>Office of the CT Governor<br>State Capitol<br>210 Capitol Ave.<br>Hartford, CT 06106 | Governor Mit Romney<br>Office of the MA Governor<br>State House, Room 360<br>Boston, MA 02133 |
| Attorney General<br>Office of U.S. Atty General<br>10th Street & Constitution Ave<br>Washington, DC 20530 | Attorney General<br>Office of CT Atty General<br>55 Elm St<br>Hartford, CT 06106 | Attorney General<br>Office of MA Atty General<br>One Ashburton Place<br>Boston, MA 02108 |
| Commissioner<br>Internal Revenue Service<br>1111 Constitution Ave., N.W.<br>Washington, DC 20224 | Commissioner Gene Gavin<br>Conn. Dept. of Revenue Services<br>25 Sigourney St.<br>PO Box 5088<br>Hartford, CT 06102-5088 | Commissioner<br>Mass. Dept of Revenue<br>PO Box 7011<br>Boston, MA 02204 |
| Sheila Obrien<br>Territory Manager<br>Internal Revenue Service<br>P.O. Box 57<br>Bensalem, PA 19020 | Lynn Walsh<br>Compliance Services Field Dir.<br>Internal Revenue Service<br>1040 Waverly Avenue<br>Holtsville, NY 00501-0048 | Jane B. Finnegan<br>Compliance Tech Supp. Mgr<br>Internal Revenue Service<br>P.O. Box 57<br>Bensalem, PA 19020 |
| Larry Leder<br>Operations Manager, Collection<br>Internal Revenue Service<br>P.O. Box 57<br>Bensalem, PA 19020-8514 | Dennis Parizek<br>Ops. Manager, Exam SC Supp.<br>Internal Revenue Service<br>1973 North Rulon White Blvd.<br>Ogden, Utah 84404 | |

## II.  JURISDICTION

The Plaintiff submits that the U.S. Federal District Court of Springfield, Massachusetts has original jurisdiction.

1. Per 28 USC 1331, 28 USC 1340, and 28 USC 1361, the district courts shall have original jurisdiction of all civil actions.

2. Pursuant to 18 USC 3237(a)(2), the Plaintiff submits that the Defendants' use of the Postal System to send allegedly fraudulent documents and threats across State borders to the Plaintiff's home warrants Springfield District Court jurisdiction.

3. The Plaintiff submits ambiguous language contained within Amendments XIV and XVI of the U.S. Constitution supports the resulting ambiguous complex language within 26 USC Tax Code breeding fraudulent interpretation and enforcement of IRS' "income taxation", resulting in flawed 26 USC Case Law, negating any applicability for reference in this trial.

4. The Plaintiff submits that the IRS' Collection Due Process (CDP) Hearing has no jurisdiction over the Plaintiff, only Taxpayers, because its power is derived from the reclassification of the Plaintiff from a Sovereign Citizen to a "Taxpayer", which has been challenged and not been legally proven, and is part of the alleged Fraud contained herein. The CDP Administrative process will perpetuate this alleged Fraud. The Plaintiff cannot obtain a "Fair Trial" under Administrative proceedings, since the Defendants not only performed the alleged offenses, but are also the executors of the misapplied rules, regulations, and procedures governing those

"hearings/trials". Under Administrative proceedings, the "separation of powers" protection guaranteed to the Plaintiff by the U.S. Constitution is not provided.

5. The Plaintiff challenges a claim of jurisdiction by the United States Court of Federal Claims or any administrative appeal process. Coerced jurisdiction of 26 USC "income tax" is an element of Fraud in this Case, and has yet to be substantiated by the Defendants. The Plaintiff is not seeking recovery of internal revenue tax per 28 USC 1346, but recovery of property stolen by the Defendants through Fraud under 18 USC 1001 and 1341, Extortion under 18 USC 872, Involuntary Servitude under 18 USC 1584, Forced Labor under 18 USC 1589, and Deprivation of Rights under 18 USC 242. Jurisdiction of 28 USC 1346 implies legal authority of 26 USC "income taxation" on Plaintiff, which the Defendants have yet to identify, and Plaintiff alleges is an element of the Fraud charged herein.

6. This Case includes the IRS, CDORS, and MDOR Governments because their respective "Income Taxation" procedures contain allegedly identically fraudulent misrepresentations of taxing authority, and present consistent elements of Fraud, Extortion, Slavery, Dereliction of Duty, Breach of Contract, and Negligence.

7. The Plaintiff challenges any claim of Connecticut or Massachusetts State jurisdiction. The CDORS and MDOR Income Taxation procedures fail to identify any taxable activity that the Plaintiff could have engaged in, to justify applying a tax, violating Constitutionally limited taxing authority. The Plaintiff also challenges the reciprocal jurisdiction agreements between CDORS and MDOR compensating in one State for tax paid in another is a violation of jurisdictional authority of either State. CDORS and MDOR State Income Taxation use Federal data on their respective forms, which has no relevance to taxable activities only within their respective jurisdictions. CDORS and MDOR State Income Taxation authority mimics Federal authority; unconstitutional IRS taxation schemes equal unconstitutional State taxation schemes. CDORS Income Taxation procedures also cross into Massachusetts' jurisdiction, causing CDORS taxation of Massachusetts labor compensation.

### III. FONT STATEMENT

The font contained herein is Times New Roman, 12 point, double-spaced.

### IV. ATTACHMENTS

Federal Exhibit List and copies of Exhibit documents

### V. DEFINITIONS

For clarity, the Plaintiff declares that the terms:

1. Federal Government, Internal Revenue Service, IRS, Federal employees/officers, and specific individual Federal Government employees/officers named herein are synonymous and are referenced as IRS;

2. Connecticut, Connecticut Government, Connecticut Department of Revenue Services, CDORS, Connecticut State employees/officers, and specific individual Connecticut employees/officers named herein are synonymous and are referenced as CDORS;

3. Massachusetts, Massachusetts Government, Massachusetts Department of Revenue, MDOR, Massachusetts employees/officers, and specific individual Massachusetts employees/officers named herein are synonymous and are referenced as MDOR.

## VI. ALLEGATIONS

The Plaintiff charges the Defendants have fraudulently altered the Plaintiff's Sovereign status, fraudulently assessed "Income Taxes", and commenced fraudulent collection procedures, including lien and levy actions against Plaintiff's property, applying Extortion to coerce submission. Threats abound to initiate more. The Plaintiff requests an immediate temporary injunction barring any further action until a trial has been completed.

The Plaintiff's delayed response to the Defendants escalating actions has been, through sheer financial necessity, the extremely laborious task of learning to initiate this Complaint on his own, and overcoming the Oppression resulting from the fear instilled by the Defendants' Abuse of Power. The equally offensive violation and byproduct of the Defendants' alleged Fraud and Extortion is Involuntary Servitude.

The Plaintiff has sought, numerous times, legal assistance, to no avail. Twenty-two Federal, Connecticut, and Massachusetts Government Offices were notified in April 2000. Four Law Firms refused to assist based on possible subjection of their respective businesses to the wrath of Government reprisal. Two others have stipulated an initial fee of $10,000.00 to even consider the case. A previous attempt to engage the Springfield District Attorney's Office was unsuccessful.

The Plaintiff is unable to legally respond to the Defendants' Collection Due Process (CDP) Hearing procedures (Exhibit 17 enclosure – "Collection Appeal Rights"). The section "How do you request a hearing under Collection Due Process with the Office of Appeals?" states that the Plaintiff can contest "… the existence or amount of the tax, but only if you did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability." The alleged Fraud pervades every document sent to the Plaintiff by the Defendants, inclusive of the Notice of Deficiency, and thus contaminates any of these documents' recommendations for recourse, as detailed below. The title alone contains "appeal" implying that a legal determination has already been made. There cannot be a valid legal determination made under Fraud charged herein, as that legal determination would be void.

The Plaintiff charges that the Defendants' procedures, as they have been presented to him, blocked any way for the Plaintiff to legally respond at any time without loss of Constitutional Rights, as detailed herein, and submits this Complaint in lieu of these procedures.

Referencing the IRS' document enclosed with many of the IRS mailings, entitled "YOUR RIGHTS AS A TAXPAYER", item1. "PROTECTION OF YOUR RIGHTS" states "<u>IRS employees will explain and protect your rights **as a taxpayer**</u> throughout your contact with us." IRS employees' actions, although courteous, show (as documented below) they have not respected <u>the Plaintiff's Rights</u>, the Rights of **<u>a person who has yet to be legally shown to be a taxpayer</u>**. Taxpayer rights, according to Court Case cites herein, are inferior to a Sovereign Citizen's. They are determined, ("explained"), by "IRS employees". The phrase "as a taxpayer" pervades most of the documents the Plaintiff has received from the IRS and assumes legal applicability to him without proof, a question raised by the Plaintiff 4 times and documented, and a fundamental issue of the Fraud charged. Due to the Defendants' actions, the Plaintiff has become extremely leery of any IRS procedures presented to him, and reasonably concludes that fraud will be introduced into the CDP Appeal Procedure as well.

Exhibit 1 - Per the information contained in the 1999 Instruction Book supplied by the IRS and the Plaintiff's legal research, the Plaintiff concluded that he was not required to file an Income Tax Return. To verify his conclusions, on April 17, 2000, the Plaintiff sent an "Affidavit In Lieu of Federal and State Income Tax Forms" (1999 tax year) to 22 U.S., Conn., and Mass. Government agencies/officials, including the IRS, CDORS, and MDOR, properly witnessed and notarized, via certified mail. It stated the Plaintiff's good faith belief that his property was stolen through Government Fraud and Extortion and required its return. It required that the IRS, CDORS, and MDOR advise the Plaintiff of each and every jurisdictional authority the IRS, CDORS, and MDOR claim to have over him, and the specific law(s) making him liable to pay "income taxes" (reference pages 19, 20, and 21). His certified receipts show all 22 agencies received Exhibit 1, including the IRS offices in Andover, MA and Washington, DC.

The primary questions in this document remain unanswered. The Plaintiff, a Sovereign Citizen, is not a lawyer. He does not understand legalities; nor does he comprehend the IRS' complicated "income tax" code, nor could he be required to, unless he were knowingly engaged in a taxable activity, which by legal definition is avoidable. Law must be explicitly understandable to be executable. Some of the Plaintiff's statements in this (Exhibit 1) document, he has learned, are not technically accurate in law. Some are more addressable as moral issues. Having no legal assistance, they reflect some of his limited legal education.

Notable from Exhibit 1, the Plaintiff's document was sent in response to tax year 1999, and remains unanswered, while the IRS' actions discussed in Exhibits 2 through 18 are not for 1999, but focus on tax year 2000.

Exhibit 2 - On or about 6/10/2002, the Plaintiff received his first IRS document, a CP-515 - "REQUEST FOR YOUR TAX RETURN" from Holtsville, NY, un-authored and unsigned. None of the options listed applied to him. The least Constitutionally offensive option stated "If you believe you are not required to file, please tell us why by completing the 'Information About Your Tax Return', at the end of this notice." The form solicits a portion of the same data as a 1040 form, complete with signature under penalties of perjury, yet there was no Privacy Act warnings.

The Plaintiff wasn't given any requirement for the IRS to ask for information. Accompanying the form was Publication 1 – "Your Rights As a Taxpayer". The specific law making the Plaintiff liable for an "income tax" was not identified, nor was there specified a taxable activity in which the Plaintiff participated. He is, therefore, not a taxpayer, as presented, and cannot be a person required to file a tax return, nor can he be a person required to give information "about your tax return". This was the IRS' first attempt to fraudulently label him as a "Taxpayer".

Exhibit 3 - On or about 8/5/2002, The Plaintiff received a CP-518 - "YOUR TAX RETURN IS OVERDUE – PLEASE CONTACT US IMMEDIATELY" from Holtsville, NY, un-authored and unsigned. An "Information About Your Return" form was attached. This package of forms contained identical violations of the Plaintiff's Rights as the CP-515 package (Exhibit 2). It contained a "Notice of Potential Third Party Contact" form, explaining how the IRS may violate the Plaintiff's privacy as well.

Exhibit 4 – On or about 10/3/2002, the Plaintiff received a "Proposed Individual Tax Assessment from Holtsville, NY, authored and signed by Lynn Walsh. This proposal (Black's Law Dictionary - something offered for consideration or acceptance) contains an allegedly fraudulent assessment, identified by the following Court Case citations, which are in context, on point, and verbatim:

1. There are only 2 classes of taxes, direct and indirect.

"In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises." Brushaber v. Union Pac. R. R. Co., 240 U.S. 1, 13, 36 S. Ct. 236, 60 L. Ed. 493 (1916).

2. As a result of the 16th Amendment, the Income Tax is definitely an indirect tax.

"The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged..." Stanton v. Baltic Mining Co., 240 U.S. 103.

"One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924)

"Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

This "effect of the 16th Amendment was also expounded upon by respected law encyclopedias of that era. See, e.g., Ruling Case Law, Volume 26, Taxation, Section 119, at page 146 (1929); Corpus Juris, Volume 33, Internal Revenu, Section 46, note 37(c), page 295 (1924).

3. Thus being classified as indirect, the income tax is an excise tax.

"The tax is, of course, an excise tax, as are all taxes on income, but it is not rendered void on that account" White Packing Company v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

"The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

"Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in Stanton, and Flint discusses the scope of the term 'excise tax'" United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992).

"Therefore it can be clearly determined from the decisions of the United States Supreme Court that the income tax is an indirect tax, in the nature of an excise tax." American Law Division of the Congressional Research Service, Library of Congress, Report No. 80-19A (1980).

4. Indirect taxes (which include excises) cannot be laid upon property.

   Flint v. Stone Tracy co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911);

   "A tax laid upon the happening of an event, as distinguished from its tangible fruits, is an indirect tax" Tyler v. United States, 281 U.S. 497, 502, 50 S.Ct. 356, 74 L.Ed. 991 (1930)

5. An Individual's own labor is his property.

   "The property which every man has is his own labor, as it is the original foundation of all other property" Butchers' Union Co. v. Cresent City Co., 111 U.S. 746, 757, 4 S.Ct. 652, 28 L.Ed. 585 (1884).

6. The income from an Individual's own labor is also his property.

   "Included in the right of personal liberty and the right of private property –partaking of the nature of each—is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property." Coppage v. Kansas, 236 U.S. 1, 14, 35 S.Ct. 240, 59 L.Ed. 441 (1915).

7. An excise tax is a privilege tax.

   "The terms excise tax and privilege tax are synonymous." American Airways v. Wallace, 57 F.2d 877, 880 (D.C. Tenn. 1932), aff'd 287 U.S. 565, 53 S.Ct. 15, 77 L.Ed. 498 (1932).

"The terms 'excise tax', 'license tax', and 'privilege tax' are synonymous and are used interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of persons, whereas a 'direct tax' is one which is imposed upon persons themselves or upon property owned by them." Roberts v. City of Baton rouge, 108 So.2d 111, 236 La. 521 (1958), r'hg denied.

8. Privilege tax (excise) is unlawful upon the right to exist (one's own labor).

"[E]very man has a natural right to the fruits of his own labour" In re Antelope, 23 U.S. 66, 120, 6 L.Ed. 268 (1825).

"Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960).

"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931).

After 7 years of research, I thank God and the Judicial System for these explicit clarifications of the botched job Congress has made of the 14th and 16th Amendments, and the Title 26 code. <u>INCOME TAX IS NOT A TAX ON INCOME.</u> It is an indirect, excise (privilege) tax on the happening of an event, a taxable activity, and the measure of tax being derived from the income that the privileged activity produces. The previous cites are crystal clear. The RIGHT TO LABOR is a person's FUNDAMENTAL PROPERTY, and the fruit of his labor, his INCOME, IS ALSO HIS PROPERTY. IT CANNOT BE TAXED AS A PRIVILEGE.

Lynn Walsh's proposed tax assessment (Exhibit 4 enclosure - Tax Calculation Summary page) identifies the Plaintiff's Rightful property, his wages, as the measure of a tax. This is in direct contradiction to the Court citations above. The Plaintiff has not engaged in any privileged taxable activity, but has only exercised his Right to labor in legal professions. His labor cannot be the subject of an excise tax. The fruits of his labor, his income, cannot be the measure of that tax.

The allegedly fraudulent proposal appears to be an attempt to coerce the Plaintiff into a contract, since a legally based assessment would not require a "proposal". Taxes are not contractual. There is no identification of a contract, and the Plaintiff has not knowingly, voluntarily agreed, or entered into any such contract.

> "The notion that the federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but... has been repeatedly rejected by the courts."
> McLaughlin v. CIR, 832 F.2d 986, 987 (7th Cir. 1987).

See also United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983).

From the Privacy Act Notice 609 attached to Lynn Walsh's fraudulent proposal, the Plaintiff found no legal requirement to respond, as stipulated by the Defendants' own 31 CFR 1.35 Privacy Act (b)(2),(3), and (4):

1. No legal right to ask the Plaintiff has been disclosed.

    "Our legal right to ask for information is Internal Revenue Code sections 6001, 6011, and 6012(a), which require you to file a return or statement with us for any tax you are liable for." This statement does not define the Plaintiff as the "you" in the above phrase, since the latter part of the phrase, "for any tax you are liable for", defines a "you" as a person liable for a tax, and ensures that the Plaintiff is not, which the previous court citations have already stated and Lynn Walsh has inadvertently verified because the Proposed Assessment is a PROPOSAL. This statement is color-of-law fraud to bypass the Plaintiff's Constitutional Rights as a Sovereign Citizen. The legal right to ask is of a taxpayer only.

2. The principle purpose(s) for the information stated is "to carry out the U.S. tax laws. We need it to figure and collect the right amount of tax." Since the IRS already had the Plaintiff's income information, there was no other information that was needed from the Plaintiff to apply the law that personal income cannot be taxed in the manner presented. What most definitely is needed "to figure and collect the right amount of tax", is the identification by the IRS of a specific activity that the Plaintiff entered into which qualifies as a taxable activity, to justify any tax assessment at all.

3. Per these sections, the Plaintiff is not the "person required to". The Defendants' stated sections do not define the Plaintiff as the "person liable for any tax imposed by this title". It makes no requirement of the Plaintiff. Again, the PROPOSAL verifies that the Plaintiff is not.

4. No mandatory response - These sections define a taxpayer as the "Your" in "Your response is mandatory under these sections", not the Plaintiff.

5. No confidentiality whatsoever - "Generally, tax returns and return information are confidential, as stated in Code section 6103. However, Code section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your tax return to others as described in the Code." The "others as described in the code" includes the Department of Justice, cities and states, the District of Columbia, U.S. Commonwealths or possessions, and certain foreign governments, the Department of Treasury and contractors, and "... to other persons as necessary to obtain information we cannot get in any other way ...", the Comptroller General of the United States, Committees of Congress; Federal, state, and local child support agencies; and to other Federal agencies. The information, when supplied, goes to numerous government and non-government entities. Section 6103 clearly shows the information can be used against the Plaintiff, and therefore must not be required; otherwise the Defendants would violate the most basic function of a Miranda type statement and Plaintiff's 5th Amendment Right not to be a witness against himself.

6. No exact consequences of noncompliance. - "If you do not file a return, do not give the information asked for, or give false information, you may be charged penalties and may be subject to criminal prosecution." The Defendants are required by law to notify the Plaintiff of the effect in terms of "rights, benefits or privileges, of not providing all or part of the requested information", which is only vaguely implied. Again here, the "you" in this phrase is a taxpayer, and is not the Plaintiff, as only taxpayers are required to file a return".

Lynn Walsh's "Proposed Individual Income Tax Assessment" (Exhibit 4):

1. Did not identify a privileged, taxable activity that the Plaintiff could have entered into that could be the basis of any "income tax", which would have then classified the Plaintiff as a taxpayer.

2. Did not state a legal requirement for the Plaintiff to respond, as he is not a taxpayer.

3. Contained fraudulent representation of an unidentified privilege (excise) tax on Plaintiff's Rightful income derived from his Right to Labor and Right to the fruits thereof (Rightful Property) in violation of 26 USC 7214(a)(7).

4. Contained fraudulent penalties and interest, since this "proposed" assessment did not establish any liability on the Plaintiff's part. If this were a legal first assessment (not a proposal) attempting to establish a liability, penalties and interest belong to the Defendants for the Defendants' failure to promptly assess the Plaintiff, not the Plaintiff. Adding penalties and interest illegally inflates the assessment violating 26 USC 7214(a)(1) and (7), and introduces a continuing, escalating threat to comply, elevating the alleged Fraud to Extortion.

5. The Defendants Instruction Books stipulate that the requirement to file is based on having taxable income greater than specified amounts. Due to the Defendants' failure to specify what activities are taxable, the Plaintiff determined that he had $0.00 of taxable income per the Court Cases cited herein, which must surely comply with the minimal threshold for not being required to file.

Since the Plaintiff was not sufficiently educated, nor financially able to initiate legal action, and he was in fear for the safety of his property, (Abuse of Power, Oppression) his only recourse was not to respond to this alleged fraudulent proposal and alleged attempted extortion.

Exhibit 5 - On 3/1/2003, the Plaintiff received a Notice of Deficiency from Holtsville, NY, sent certified mail, addressed to "Dear Taxpayer", dated 2/25/2003, again signed by Lynn Walsh. The fraudulently based original proposal (Exhibit 4), which the Plaintiff never agreed to, had by color-of-law become a "Notice of Deficiency".