UNITED STATES FEDERAL DISTRICT COURT

SPRINGFIELD, MASSACHUSETTS

**Plaintiff:**  **Civil Action No.**

David P. Fontaine (Pro Se Litigant)     04-30080-MAP
68 Van Horn Street
West Springfield, Massachusetts 01089
413-739-0152

**vs.**

**Defendants:**

United States (U.S.) Government;
U.S. Internal Revenue Service (IRS) and the IRS Office of the Commissioner;
IRS employees – Sheila O'Brien, Lynn Walsh, Jane B. Finnegan, Larry Leder, and Dennis Parizek

Connecticut State (Conn.) Government
Conn. Dept. of Revenue Services (CDORS) and the CDORS Office of the Commissioner
Governor John Rowland and Commissioner Gene Gavin

Massachusetts State (Mass.) Government
Mass. Departments of Revenue (MDOR) and the MDOR Office of the Commissioner

May 17, 2004

**REQUEST FOR HEARING IN OPPOSITION TO DEFENDANTS' (STATE OF MASSACHUSETTS, MA DEPT OF REVENUE, AND MA COMMISSIONER OF REVENUE) MOTION TO DISMISS**

AND

**ADDENDUM TO COMPLAINT TO INCLUDE ADDITIONAL DOCUMENTS**

The Plaintiff received a copy of an Appearance for filing and Motion to Dismiss by mail on May 14, 2004 from Assistant Attorney General William P. O'Neill and believes his paperwork indicates that he is the attorney of record representing the State of Massachusetts, MA Department of Revenue, and MA Commissioner of Revenue, hereinafter referenced as MDOR in maintaining the same terminology used in the original Complaint. Please advise me if this is incorrect.

The Plaintiff requests a Hearing in opposition to the Motion to Dismiss by Assistant Attorney General William P. O'Neill on behalf of MDOR. The Plaintiff submits this document, the attached MDOR Exhibits – Correspondence Reference List, and the attached additional MDOR Correspondence References 101 through 107 as an addendum to the original Complaint.

Referencing the Complaint, page 35, second paragraph, a brief statement declares that MDOR's actions mimic the IRS actions (detailed in the first 34 pages of the Complaint). The attached correspondence document the Plaintiff's attempts to ascertain the basis of the MDOR tax and MDOR's:

    (1) same alleged fraudulent conversion of Plaintiff to a 2nd class taxpayer status,

    (2) same alleged violation of taxing authority,

    (3) same alleged fraudulent assessment of an undefined tax,

    (4) same alleged extortion pressure of penalties and interest,

    (5) and alleged threats to bypass the Plaintiff's Due Process Rights and illegally take Plaintiff's property by force.

The Plaintiff's Complaint, pages 12 through 15, contains the U.S. Supreme and Federal Court citations (on point, in context, and verbatim), which are his basis for stating his claim against MDOR and are the references for the summary statements below.

As represented in MDOR's "Notice of Intent to Assess" (reference 103), the tax appears as a direct tax on the Plaintiff's (property) income, but that would have to be apportioned. If not a direct tax on the Plaintiff's (property) income, then a direct tax on the Plaintiff himself (his Right to exist), but his Right to exist is not taxable. Even if it were taxable, it would have to be apportioned.

As direct taxes must be apportioned, MDOR's taxation must be indirect. As indirect, it falls under duties, imposts, and excises. The tax must therefore be an excise tax (privileged activity tax), and only the income from the privileged activity would be taxable, but there is no privileged, avoidable subject matter, which the Plaintiff could have engaged in, to tax. The income which MDOR has targeted for taxation is the Fruits of the Plaintiff's Right to Labor in a legal profession of his choosing. It is his Rightful property. MDOR has not produced the legal basis for the alleged color-of-law tax on the Plaintiff's property. The amount of tax (assessment) is irrelevant.

The additional documents (References 104 through 107) continue the enforcement of the alleged fraudulent tax assessment and the alleged extortion threats to collect by force. The Constitution of the United States and the Court cites in the Complaint explicitly contradict the tax MDOR is allegedly illegally enforcing on Plaintiff.

Contrary to Attorney O'Neill's statements, these documents do show MDOR is threatening action. The relief sought by the Plaintiff as stipulated on pages 36 through 41 of the original Complaint, does include (1) on page 38 - "... requiring the Defendants to explicitly identify the legal applicability of their tax, should there be one, and the uniform assessment of such, so that the Plaintiff may gladly comply and support legal operation of government; ..."; (2) on page 39 - return of allegedly stolen property amounting to $5,856,121.00 which MDOR participated in allegedly illegally confiscating and has a portion in their possession. The portion calculated to be MDOR's share is $1,353,218.00; and on page 40 - additional monetary compensation for $20,000,000.00, of which a percentage is sought against MDOR.

The Plaintiff respectfully requests a Hearing to dispute MDOR's Motion to Dismiss, and asks that these documents be added to the original Complaint. They were not included previously because the volume of 20 copies of paperwork would be enormous, and these documents only pertain to MDOR.

_____
David P. Fontaine – Plaintiff Pro Se
Under Threat, Duress, and/or Coercion

5/17/04
Date

## CERTIFICATE OF SERVICE

I, David P. Fontaine, Plaintiff (Pro Se), 68 Van Horn St., West Springfield, MA 01089, do hereby certify that on May 17, 2004, a true copy of the above documents was served by first class mailing, postage prepaid, upon the Attorney of record for the Defendants (STATE OF MASSACHUSETTS, MA DEPT OF REVENUE, AND MA COMMISSIONER OF REVENUE), William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629.

_____
David P. Fontaine – Plaintiff Pro Se