UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



FILED
CLERK'S OFFICE

'04 MAY 21 A 10:23

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DAVID P. FONTAINE<br>    Plaintiff,<br>v.<br>U.S. INTERNAL REVENUE SERVICE,<br>COMMISSIONER OF IRS, IRS EMPLOYEES -<br>Sheila O'Brien, Jane B. Flanagan, Larry Leder and<br>Dennis Parizek, STATE OF CONNECTICUT, CT<br>DEPARTMENT OF REVENUE SERVICES,<br>CDORS COMMISSIONER, GOVERNOR JOHN<br>ROWLAND, CT COMMISSIONER GENE GAVI,<br>STATE OF MASSACHUSETTS, MA<br>DEPARTMENT OF REVENUE, MA<br>COMMISSIONER OF REVENUE<br>    Defendants. | CIVIL ACTION<br>NO. 04 30080-MAP |

### THE DEFENDANTS STATE OF MASSACHUSETTS, MA DEPARTMENT OF REVENUE AND THE MA COMMISSIONER OF REVENUE'S MOTION TO DISMISS THE PLAINTIFF'S ADDENDUM TO COMPLAINT

Pursuant to the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Defendants State of Massachusetts (sic), MA Department of Revenue and the MA Commissioner of Revenue ("Commonwealth Defendants") move this Court to dismiss the above-entitled action for lack of subject matter jurisdiction.

In support of such motion, the Commonwealth Defendants state that this action involves the assessment upon and attempts to collect Massachusetts income tax from the Plaintiff David P. Fontaine for the year 2000. The Plaintiff's original complaint was comprised of 44 pages and 20 attached exhibits. None of the allegations in the Plaintiff's original complaint alleged that the Commonwealth Defendants had attempted to collect overdue income taxes from the Plaintiff. After the Commonwealth Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted, the Plaintiff filed an Addendum to Complaint that included specific allegations against the Commonwealth Defendants

as well as a number of new exhibits. Assuming, *arguendo*, that the Court will permit to be filed what might appear to be an Amended Complaint based on that Addendum, the Commonwealth Defendants assert that this Court lacks subject matter jurisdiction over the Amended Complaint based on the Tax Injunction Act of 1937, 28 U.S.C. § 1341. This statute precludes a federal district court from enjoining, suspending or in any way restraining the assessment, levy or collection of state taxes where state law provides a plain, speedy and efficient remedy in the courts of such state.

WHEREFORE, the Commonwealth Defendants respectfully request that this case be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

**CERTIFICATE OF SERVICE**

    I, William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629 do hereby certify that on May 20, 2004, I caused the foregoing THE DEFENDANTS STATE OF MASSACHUSETTS, MA DEPARTMENT OF REVENUE AND THE MA COMMISSIONER OF REVENUE MOTION TO DISMISS THE PLAINTIFF'S ADDENDUM TO COMPLAINT to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to the Plaintiff *Pro Se*: David P. Fontaine, 68 Van Horn Street, West Springfield, MA 01089.

William P. O'Neill
Assistant Attorney General