UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID P. FONTAINE<br>           Plaintiff,<br>v.<br>U.S. INTERNAL REVENUE SERVICE,<br>COMMISSIONER OF IRS, IRS EMPLOYEES -<br>Sheila O'Brien, Jane B. Flanagan, Larry Leder and<br>Dennis Parizek, STATE OF CONNECTICUT, CT<br>DEPARTMENT OF REVENUE SERVICES,<br>CDORS COMMISSIONER, GOVERNOR JOHN<br>ROWLAND, CT COMMISSIONER GENE GAVI,<br>STATE OF MASSACHUSETTS, MA<br>DEPARTMENT OF REVENUE, MA<br>COMMISSIONER OF REVENUE<br>           Defendants. | CIVIL ACTION<br>NO. 04 30080-MAP |

**THE DEFENDANTS STATE OF MASSACHUSETTS, MA DEPARTMENT OF REVENUE AND THE MA COMMISSIONER OF REVENUE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFF'S ADDENDUM TO COMPLAINT**

## INTRODUCTION

The Defendants State of Massachusetts [sic], MA Department of Revenue and the MA Commissioner of Revenue ("Commonwealth Defendants") move this Court to dismiss the above-entitled action for lack of subject matter jurisdiction pursuant to the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure. After the Commonwealth Defendants filed a Motion to Dismiss the Plaintiff's initial complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted, the Plaintiff filed an Addendum to Complaint that included specific allegations against the Commonwealth Defendants as well as a number of new exhibits. Assuming, *arguendo*, that the Court will will permit to be filed what might appear to be an Amended Complaint based on that Addendum, the Commonwealth Defendants assert that this Court lacks subject matter jurisdiction over the Amended Complaint based on the Tax

Injunction Act of 1937, 28 U.S.C. § 1341. This statute precludes a federal district court from enjoining, suspending or in any way restraining the assessment, levy or collection of state taxes where state law provides a plain, speedy and efficient remedy in the courts of such state.

## FACTUAL BACKGROUND

This action involves the assessment upon and attempts to collect Massachusetts income tax from the Plaintiff David P. Fontaine for the year 2000. The Plaintiff's original complaint comprised 44 pages and 20 attached exhibits. None of the allegations in the Plaintiff's original complaint claimed that the Commonwealth Defendants had attempted to collect overdue income taxes from the Plaintiff. Subsequently, the Plaintiff filed an Addendum to Complaint that included specific allegations against the Commonwealth Defendants as well as a number of new exhibits, referred to hereafter as the Amended Complaint.

It appears from Exhibit 101 of the Amended Complaint,[1] that the Plaintiff was given a Notice of Failure to File Return by the Massachusetts Department of Revenue (MDOR) for the 2000 tax year on October 10, 2003. The Plaintiff was informed that, based upon information provided to MDOR, he was required to file a return. The Plaintiff was notified that he had 30 days to respond and/or file a tax return. Failure to respond or file a tax return within that period would result in the assessment of an income tax based upon income information provided to the MDOR.

On October 27, 2003, the Plaintiff responded to the Notice of Failure to File Return by admitting that he had not filed a tax return in Massachusetts for the year 2000. *Exhibit 102.* The response appears to refer to several other documents filed by the Plaintiff with MDOR.

On January 4, 2004, the MDOR gave the Plaintiff a Notice of Intent to Assess. *Exhibit 103.*

---

[1] The Commonwealth Defendants will use the same Exhibit numbers used by the Plaintiff.

The amount of the assessment was $313.95. A date for the response was established for February 3, 2004. This amount was determined in the Assessment Detail (Page 3 of 6) in the Notice of Assessment as follows: Tax Assessment - $1,685.46 plus Interest Accrued -$45.13 Plus Penalty Accrued - $79.52 equals Net Amount Due - $1,810.11 plus Previous Assessment - $0 less Payments/Credits - $1,496.16 equals Balance Due - $313.95. The Notice of Intent to Assess also explained the appeal rights for such an assessment.

On January 8, 2004, the MDOR gave the Plaintiff a Notice of Failure to File - Personal Income Tax - 2000. *Exhibit 104.*[2] This Notice also included an Application for Abatement (Form CA-6).

Subsequently, on March 21, 2004, the Plaintiff received a second Notice of Assessment for income taxes for the year 2000 in the amount of $317.65. *Exhibit 105.* The increase in the assessment is the result in additional interest and an increased penalty due to the Plaintiff's failure to pay the tax. On May 4, 2004, the Plaintiff received a Demand for Payment in the increased amount of $325.18 for income taxes for the year 2000. *Exhibit 106.* Both the Notice of Assessment and the Demand for Payment explained to the Plaintiff why he was receiving such a document and what action he should take in response to that document.

Instead of availing himself of the procedures required by Massachusetts law in such situations, the Plaintiff sent a letter to the Governor and the Commissioner of MDOR. *Exhibit 107.* Subsequently, it appears that the Plaintiff filed this suit against the Commonwealth Defendants.

## ISSUE

THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE AMENDED COMPLAINT BASED ON THE TAX INJUNCTION ACT OF 1937, 28 U.S.C. § 1341.

---

[2] This Notice refers to correspondence received from the Plaintiff concerning the Notice to Assess. This response by the Plaintiff is not included in the Amended Complaint.

## ARGUMENT

This court lacks subject matter jurisdiction over this case because of the provisions of the Tax Injunction Act of 1937, 28 U.S.C. § 1341 (hereafter, "the Act.") This statute provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Act precludes a federal district court from enjoining, suspending or in any way restraining the assessment, levy or collection of state taxes where state law provides "a plain, speedy and efficient remedy" in the courts of such state. *See Strescon Industries, Inc. v. Cohen*, 664 F.2d 929, 931 (4th Cir.1981). See generally 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4237 (1978) (hereafter "Wright, Miller & Cooper"). The Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a state to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). It operates as a " 'broad jurisdictional barrier,' [and] bars even claims that the state tax is illegal or unconstitutional." *Kistner v. Milliken*, 432 F.Supp. 1001, 1004 (E.D.Mich.1977) Thus, as a general rule, federal courts may not interfere with the states' mechanisms for resolving tax controversies except when state remedies are not plain, speedy and efficient. *Strescon*, 664 F.2d at 931.

The Act applies to declaratory and injunctive relief, *California v. Grace Brethren Church*, 457 U.S. 393, 408-11 (1982), as well as to damage actions arising from assessments. *See Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 115-16 (1981). The prohibition of the Act cannot be avoided simply because a plaintiff claims a civil rights violation. *See Moss v. Georgia*, 655 F.2d 668, 669 (5th Cir.1981) 17 Wright, Miller & Cooper, *supra*, § 4237, at 427 & n. 40. Further, because the Act limits subject matter jurisdiction, it cannot be waived. *See*

*Kimmey v. Berkheimer, Inc.*, 376 F.Supp. 49, 53 (E.D.Pa.1974), aff'd without opinion, 511 F.2d 1394 (3d Cir.1975).

In this suit, the Plaintiff appears to seek both declaratory and injunctive relief in connection with the assessment for unpaid taxes from the year 2000. Thus, because the relief requested falls within the proscriptions of the Act, it is necessary to analyze what constitutes "a plain, speedy and efficient" state remedy and to determine whether the Commonwealth of Massachusetts provides such a remedy and has made such a remedy available to the Plaintiff. The burden of proof as to the exception issues rests with the Plaintiff. *Adams v. Board of Supervisors*, 569 F.Supp. 20, 22 (W.D.Va.1983) The Plaintiff has the burden of proof to show that Massachusetts does not provide a plain, speedy and efficient remedy for tax disputes.

The Commonwealth of Massachusetts does have a plain, speedy and efficient remedy for tax disputes. The meaning of the "plain, speedy and efficient" exception to the Act appears to require a state-court remedy that meets certain minimal procedural criteria. *Rosewell v. LaSalle National Bank,* 450 U.S. 503 at 512 (1981) Specifically, a state court remedy satisfies this basic inquiry if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax. *Rosewell, supra* at 514.

The initial Notice of Intent to Assess given to the Plaintiff on January 4, 2004, notified him of his right to request a conference to dispute the proposed assessment under Massachusetts G.L.c.62C, §26(c) or to request a settlement consideration under M.G.L.c.62C, §37C, or both, from the MDOR Office of Appeals. *Exhibit 103.*

The Plaintiff apparently failed to take advantage of these possible remedies, so the MDOR

issued a Notice of Failure to File - Personal Income Tax - 2000. *Exhibit 104*.[3] This Notice included an Application for Abatement/Amended Return that again gave the Plaintiff a statutory reference for the procedure to follow for abatements. Once again, the Plaintiff failed to follow any administrative procedure offered by the Commonwealth to contest or protest the assessment of income tax for the year 2000. Equitable relief in the form of a federal declaratory judgment is not available to a taxpayer who has not exhausted his state administrative remedies. It is well settled that the availability of state declaratory judgment relief also serves as a sufficient remedy to preclude federal jurisdiction for purposes of the Act. *Blaske v. Bowen*, 437 F.Supp. 1056, 1059 (S.D.Ind.1976), aff'd without opinion, 559 F.2d 1224 (7th Cir.1977). In a similar manner, the Plaintiff failed to take advantage of the remedies available to him under the Commonwealth's tax procedure in regard to the second Notice of Assessment for income taxes, *Exhibit 105,* and the Demand for Payment, *Exhibit 106*. Both forms clearly indicate what type of assistance is available to a taxpayer at that stage of the collection procedure.

The Massachusetts Income Tax is provided for in Article XLIV of the Amendments to the Massachusetts Constitution. It has been upheld as constitutional. *See Dane v. Jackson*, 256 U.S. 589 (1921). The Plaintiff challenges the assessment of the income tax without showing that he has been denied a plain, speedy and efficient remedy under state law. Absent a showing by the Plaintiff of the absence of such a remedy in Massachusetts, the federal district court should not enjoin, suspend or restrain the assessment of the Plaintiff's income tax for the year 2000 under Massachusetts law pursuant to the provision of the Act.

---

[3] As noted in footnote 2, this Notice refers to correspondence received from the Plaintiff concerning the Notice to Assess.

## CONCLUSION

The Commonwealth Defendants respectfully request that this case be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE

I, William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103-1629 do hereby certify that on May 20, 2004, I caused the foregoing THE DEFENDANTS STATE OF MASSACHUSETTS, MA DEPARTMENT OF REVENUE AND THE MA COMMISSIONER OF REVENUE MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFF'S ADDENDUM TO COMPLAINT to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to the Plaintiff *Pro Se*: David P. Fontaine, 68 Van Horn Street, West Springfield, MA 01089.

William P. O'Neill
Assistant Attorney General