UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID P. FONTAINE | : | NO. 04-30080-MAP |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. INTERNAL REVENUE SERVICE, | : | |
| COMMISSIONER OF IRS, IRS EM- | : | |
| PLOYEES – SHEILA O'BRIEN, LYNN | : | |
| WALSH, JANE B. FINNEGAN, LARRY | : | |
| LEDER, AND DENNIS PARIZEK, | : | |
| STATE OF CONNECTICUT, CONN- | : | |
| ECTICUT DEPARTMENT OF REV- | : | |
| ENUE SERVICES, CDORS COMMIS- | : | |
| SIONER, GOVERNOR JOHN ROW- | : | |
| LAND, CONNECTICUT COMMISSION- | : | |
| ER GENE GAVIN, STATE OF MASSA- | : | |
| CHUSETTS, MASSACHUSETTS | : | |
| DEPARTMENT OF REVENUE, MASS- | : | |
| ACHUSETTS COMMISSIONER OF | : | |
| REVENUE | : | |
|    Defendants. | : | MAY 21, 2004 |

## MEMORANDUM OF LAW OF DEFENDANTS STATE OF CONNECTICUT, DEPARTMENT OF REVENUE SERVICES, GOVERNOR JOHN ROWLAND, AND COMMISSIONER GENE GAVIN IN SUPPORT OF THEIR MOTION TO DISMISS

I

### Preliminary Statement

This case presents a challenge to an assessment and collection of the Connecti-

cut State income tax, codified at Conn. Gen. Stat. § 12-700 et seq, which is adminis-

tered by the Defendant Commissioner of Revenue Services and the Defendant Depart-

ment of Revenue Services ("DRS").  The present action, claiming monetary damages

and declaratory and injunctive relief, must fail because it is barred by the Tax Injunction

Act, 28 U.S.C. § 1341, which prohibits federal courts from enjoining the collection of

state taxes when an adequate remedy is available under state law.  In addition, this

Court lacks subject matter jurisdiction over this action because it is barred by the Elev-

enth Amendment of the Constitution of the United States.

## II

## Facts

This is a pro se complaint.  As such it must be construed liberally in favor of the

plaintiff.  Hughes v. Rowe, 449 U.S. 5, 10 (1980).   For the purposes of a motion to dis-

miss, the material allegations are taken as admitted. Jenkins v. McKeithen, 395 U.S.

411, 417 (1969).

The complaint names several defendants.  In addition to the federal IRS, its

commissioner and employees, various state departments and officials are named.  The

State of Massachusetts, its Department of Revenue and Commissioner of Revenue are

defendants.  The State of Connecticut, its Department of Revenue Services, Commis-

sioner Gene Gavin[1], and Governor John Rowland (the "Connecticut Defendants") are also named as defendants and are the moving parties for this motion to dismiss.

Nearly the entire complaint is devoted to allegations concerning the federal government's income tax assessment and levy on the Plaintiff. However, on page 35 of the complaint[2] the Plaintiff asserts his claim against the Connecticut Defendants. He alleges that Connecticut's "procedures taxed the Plaintiff's labor compensation outside CDORS' jurisdiction and that this was the source of the additional erroneous tax." The Plaintiff disputes "the applicability of Income Taxation by the ... CDORS ...." The Plaintiff has admitted that he "has worked many years in Connecticut." Complaint, page 31.

In his prayer for relief, the Plaintiff seeks various types of redress. He asks for a temporary injunction, Complaint, page 36; a permanent injunction "barring any future action for taxation," Complaint, page 38; declaratory judgments regarding Connecticut's income tax, Complaint, page 38; monetary damages, i.e., the return of the levied property, including fees incurred, and $20,000,000 as "additional monetary compensation for [his] losses," Complaint, pages 39 and 40; interest, Complaint, page 40; penalty at 10% compounded monthly, Complaint, page 40; and legal costs, Complaint, page 41.

---

[1]    Commissioner Gene Gavin, the former Connecticut Commissioner of Revenue Services, is a named defendant. The complaint also names "CDORS Commissioner" presumably standing for Commissioner of the Department of Revenue Services. Commissioner Gavin and "CDORS Commissioner" will be referred to in this brief as Commissioner of Revenue Services.

[2]    The complaint is composed of 44 pages containing unnumbered paragraphs.

## III

## <u>Argument</u>

**A.    The Plaintiff's Action Against the Connecticut Defendants is Barred by the Tax Injunction Act, 28 U.S.C. § 1341.**

The allegations set out in the complaint, as they pertain to the Connecticut De-

fendants, are all related to the assessment and collection of Connecticut's state income

tax on non-residents under Conn. Gen. Stat. § 12-700(b), which provides in pertinent

part:

> (b) There is hereby imposed on the Connecticut taxable in-
> come derived from or connected with sources within this
> state of each nonresident a tax which shall be the product of
> an amount equal to the tax computed as if such nonresident
> were a resident, multiplied by a fraction, the numerator of
> which is the nonresident's Connecticut adjusted gross in-
> come derived from or connected with sources within this
> state and the denominator of which is the nonresident's
> Connecticut adjusted gross income, provided, if the nonresi-
> dent's Connecticut adjusted gross income is less than such
> nonresident's Connecticut adjusted gross income derived
> from or connected with sources within this state, (1) such
> nonresident's Connecticut adjusted gross income derived
> from or connected with sources within this state, reduced by
> the amount of the exemption provided in section 12-702,
> shall be such nonresident's Connecticut taxable income de-
> rived from or connected with sources within this state and
> shall be multiplied by the tax rate specified in subsection (a)
> of this section for the purposes of determining the tax pursu-
> ant to this section and (2) such nonresident's Connecticut
> adjusted gross income derived from or connected with
> sources within this state shall be such nonresident's Con-
> necticut adjusted gross income for the purposes of determin-
> ing the credit pursuant to section 12-703.  . . .

4

As discussed more fully hereafter, the Connecticut income tax law, Conn. Gen. Stat. § 12-700, et seq., is a comprehensive scheme of taxation, which provides more than adequate means to challenge the imposition of the tax. The Plaintiff's challenge to the assessment and collection of the Connecticut income tax in this case, however, runs squarely into the wall created by the Federal Tax Injunction Act, which succinctly provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This provision establishes a complete bar to the Court's exercise of jurisdiction over the state tax issues presented in the Plaintiff's complaint.

The Tax Injunction Act, which is based on principles of federalism and comity, has long been given an expansive reading. Nat'l. Truck Council v. Oklahoma Tax Commission, 515 U.S. 582, 586 (1995). By its express terms, injunctive relief is clearly barred. In addition, the Supreme Court held, in California v. Grace Brethren Church, 457 U.S. 393 (1982), that the Tax Injunction Act equally applies to suits for declaratory judgment holding state tax laws unconstitutional. The Court reasoned:

> [T]he [Tax Injunction] Act not only divests the district court of jurisdiction to issue an injunction enjoining state officials, but also of jurisdiction to take actions that "suspend or restrain" the assessment and collection of state taxes. Because the declaratory judgment "procedure may in every practical sense operate to suspend collection of the state taxes until the litigation is ended," -- the very language of the Act suggests that a federal court is prohibited from issuing declara-

5

> tory relief in state tax cases. Additionally, because there is
> little practical difference between injunctive and declaratory
> relief, we would be hard pressed to conclude that Congress
> intended to prohibit taxpayers from seeking one form of an-
> ticipatory relief against state tax officials in federal court,
> while permitting them to seek another, thereby defeating the
> principal purpose of the Tax Injunction Act: "to limit drasti-
> cally federal district court jurisdiction to interfere with so im-
> portant a local concern as the collection of taxes."

457 U.S. at 408.

Decisions in the First and Second Circuits have dismissed cases under the Tax Injunction Act where the plaintiff sought injunctive or declaratory relief with respect to the imposition of state taxes. McCann v. Silva, 455 F. Supp. 540 (D.N.H. 1978); Jade Aircraft Sales, Inc. v. Gavin, 1997 U.S. Dist. LEXIS 23123 (D. Conn. February 13, 1997) (copy appended). Accordingly, this Court lacks jurisdiction to grant the injunctive and declaratory relief requested in the Plaintiff's complaint -- assuming an adequate legal remedy exists under Connecticut state law.

**B.    The Connecticut Income Tax Statutes Provide More Than Adequate Legal Remedies.**

The jurisdictional bar of the Tax Injunction Act only operates where "a plain, speedy and efficient remedy" may be had in state court. The Connecticut state income tax provisions clearly meet this test. Conn. Gen. Stat. §§ 12-729a and 12-730[3] provide

---

[3]    These statutes provide as follows:
Footnote continued on next page.

_____

Conn. Gen. Stat. § 12-729a(c) through (e):

(c) The person against whom the jeopardy assessment is made may file a written protest with the commissioner on or before the tenth day after the service upon such person of notice of the jeopardy assessment. If a written protest is filed, the commissioner shall reconsider the jeopardy assessment and, if such person has so requested, may grant or deny such person or such person's authorized representatives an oral hearing. Such person may obtain a stay of collection of the whole or any part of the amount of such jeopardy assessment by filing with the commissioner, on or before such tenth day, a bond of a surety company authorized to do business in this state or other security acceptable to the commissioner in such an amount, not exceeding double the amount as to which the stay is desired, as the commissioner deems necessary to ensure compliance with this chapter, conditioned upon payment of as much of the amount, the collection of which is stayed by the bond, as is found to be due from such person. At any time thereafter in respect to the whole or any part of the amount covered by such bond, the person against whom a jeopardy assessment has been made may waive such stay, and if, as the result of such waiver, any part of the amount covered by the bond is paid, the bond shall, at the request of such person, be proportionately reduced.

(d) Notice of the commissioner's determination, following reconsideration of the jeopardy assessment, shall be served, personally or by mail, on the person against whom the jeopardy assessment was made, and such notice shall set forth the commissioner's findings of fact and the basis of decision in each case decided in whole or in part adversely to such person.

(e) The determination of the commissioner following reconsideration of the jeopardy assessment, shall be final upon the expiration of one month from the date on which notice thereof is served, personally or by mail, on the person

Footnote continued on next page.

7

pre-payment and post-payment remedies including cancellation of assessments and

> against whom the jeopardy assessment was made unless within such period the taxpayer seeks judicial review of the commissioner's determination under section 12-730.

Conn. Gen. Stat. § 12-730 provides:

> Notwithstanding the provisions of chapter 54 to the contrary, any taxpayer aggrieved because of any determination or disallowance by the commissioner under section 12-729, 12-729a or 12-732 may, within one month after notice of the commissioner's determination or disallowance is mailed to the taxpayer, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the commissioner to appear before said court. Such citation shall be signed by the same authority, and such appeal shall be returnable at the same time and served and returned in the same manner, as is required in case of a summons in a civil action. The authority issuing the citation shall take from the appellant a bond or recognizance to the state of Connecticut, with surety to prosecute the appeal to effect and to comply with the orders and decrees of the court in the premises. <u>Such appeals shall be preferred cases, to be heard unless cause appears to the contrary, at the first session by the court or by a committee appointed by it. Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the Treasurer to pay the amount of such relief, with interest at the rate of two-thirds of one per cent per month or fraction thereof, to the aggrieved taxpayer.</u> If the appeal has been taken without probable cause, the court may charge double or triple costs, as the case demands, and upon all such appeals which may be denied, costs may be taxed against the appellant at the discretion of the court but no costs shall be taxed against the state.

(Emphasis added.)

refunds with interest. Tax appeals are preferred cases and are heard <u>de</u> <u>novo</u> in the Superior Court. <u>Kimberly-Clark Corp. v. Dubno</u>, 204 Conn. 137, 144-45, 527 A.2d 679 (1987).

Similar Connecticut tax provisions have been held to provide a "plain, speedy and efficient remedy" within the meaning of the Tax Injunction Act. In <u>Jade Aircraft Sales, Inc. v. Gavin</u>, 1997 U.S. Dist. LEXIS 23123 (Feb. 13, 1997), the District Court held that Connecticut's sales tax appeal statute, Conn. Gen. Stat. § 12-422 "provides an adequate remedy to a taxpayer before or after he has paid the assessed tax. . . . There- fore, Jade's two attacks against the statute, alone, are insufficient to support a finding that the remedies are inadequate." <u>Id</u>. at *5. <u>See</u> <u>also</u> <u>Finizie v. City of Bridgeport</u>, 880 F. Supp. 89, 93-95 (D. Conn. 1995) (availability of <u>de</u> <u>novo</u> judicial review of property tax assessment provided plain, speedy and efficient remedy); <u>Group Assisting Sewer Proposal-Ansonia v. City of Ansonia</u>, 448 F. Supp. 45 (D. Conn. 1978) (right to appeal within 21 days of sewer assessment provided plain, speedy and efficient remedy).

<u>Finizie</u> also teaches that the state remedy is not inadequate merely because a taxpayer failed to follow the state law provisions for challenging the imposition of a tax.

> [T]he taxpayer's failure to take advantage of the available
> state procedures does not mean that the state remedy is in-
> sufficient. <u>Burris v. City of Little Rock</u>, 941 F.2d 717, 721 n.
> 4 (8th Cir. 1991). "The relevant question is whether the
> remedy was available originally." <u>Id.</u>

<u>Finizie</u>, 880 F.Supp. at 93.

Accordingly, the Court should find that the procedures afforded aggrieved tax-payers under Conn. Gen. Stat. §§ 12-729a and 12-730 provide a plain, speedy, and efficient remedy within the meaning of the Tax Injunction Act.

**C.    The Plaintiff's Action is Barred by the Eleventh Amendment to the United States Constitution.**

As stated in the Facts section, the Plaintiff also seeks monetary damages from the State of Connecticut and the named officers, the Governor and Commissioner of Revenue Services.  A suit for money damages against a state is barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be con-strued to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.  Alabama v. Pugh, 438 U.S. 7812 (1987) (per curiam).  This Amendment serves to avoid "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties."  Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Edd, Inc., 506 U.S. 139, 146 (1993).

The District of Massachusetts has ruled that a citizen of Massachusetts is barred from bringing suit in federal court against the State of Connecticut unless Connecticut

10

either consents to suit or waives the immunity provided by the Eleventh Amendment. Cook v. McLaughlin, 917 F. Supp. 79, 82 (D. Mass. 1996).

Connecticut has not consented to this suit and has not waived its Eleventh Amendment immunity. On the issue of waiver of sovereign immunity, our Supreme Court reaffirmed its long-standing position reiterated in Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association, 450 U.S. 147, 150 (1981), when it quoted Edelman v. Jordan, 415 U.S. 651 (1974):

> On the latter issue we stated that "we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"

There is no statutory waiver of Connecticut's immunity from suit. No consent on the part of the State has been given to be sued in this litigation.

Therefore, this suit against the State of Connecticut must be dismissed because this court lacks jurisdiction over the Plaintiff's claim against the State.

Similarly, the Plaintiff's suit against the individuals, the Governor and Commissioner of Revenue Services, who are sued in their official capacity, must be dismissed. The Eleventh Amendment bars any action against these officials because suits against state officials in their official capacity are treated as suits against the State. Hafer v. Melo, 502 U.S. 21, 25 (1991); Cook v. McLaughlin, 917 F. Supp. at 82. This conclusion is based upon the following sound reasoning:

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party

> in interest and is entitled to invoke its sovereign immunity
> from suit even though individual officials are nominal defen-
> dants.

Ford Motor Co. v. Dep't. of the Treasury, 323 U.S. 459, 464 (1945).  See also Kentucky

v. Graham, 473 U.S. 159, 169 (1985); Smith v. Reeves, 178 U.S. 436 (1900).

    Therefore, this action against the named officials must also be dismissed.

## Conclusion

Taking the allegations of the Complaint as true for purposes of this Motion to Dismiss, it is clear that the Plaintiff is challenging a state income tax assessment and levy under Conn. Gen. Stat. § 12-700 et seq and that the remedies afforded by the Plaintiff under Conn. Gen. Stat. §§ 12-729a and 12-730, are "plain, speedy and efficient." As such, this action seeking monetary damages and declaratory and injunctive relief is barred by the Tax Injunction Act, 28 U.S.C. § 1341, and the Eleventh Amendment.

THE DEFENDANTS

STATE OF CONNECTICUT,
DEPART. OF REVENUE SERVICES,
CDORS COMMISSIONER,
GOVERNOR JOHN ROWLAND, and
COMMISSIONER GENE GAVIN

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By _____
William J. Prensky
Assistant Attorney General
Federal Bar No. ct08643
55 Elm Street
Hartford, CT 06106
Tel: (860) 808-5270
Fax:: (860) 808-5385
Email: William.Prensky@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of this Memorandum of Law In Support of Motion to

Dismiss was mailed this date, first class postage prepaid, to:

**David P. Fontaine**
**68 Van Horn Street**
**West Springfield, MA  01089**

**William P. O'Neill**
**Attorney General's Office**
**1350 Main Street**
**Springfield, MA 01103-1629**

William J. Prensky
Assistant Attorney General

14

JADE AIRCRAFT SALES, INC. Plaintiff, v. GENE GAVIN,Individually and as Commissioner of the State of Connecticut Department ofRevenue Services, Defendant.
CIVIL NO. 3:96-1048 (DJS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1997 U.S. Dist. LEXIS 23123

February 13, 1997, Decided
February 13, 1997, Filed

DISPOSITION: [*1] Defendants' Motion to Dismiss (docket no. 7) GRANTED.

CASE SUMMARY:

PROCEDURAL POSTURE: Defendant, the Commissioner of the State of Connecticut Department of Revenue Services, filed a motion to dismiss plaintiff taxpayer's action under 42 U.S.C.S. § 1983.

OVERVIEW: The taxpayer challenged the Commissioner's assessment of a use tax. The taxpayer alleged that the tax violated its rights under the Commerce Clause and the Due Process Clause of the United States Constitution. In granting the motion to dismiss, the court held that the taxpayer's action was barred by the Tax Injunction Act, 28 U.S.C.S. § 1341, because the taxpayer had state remedies that were plain, adequate, and complete. According to the court, Conn. Gen. Stat. § 12-422 was an adequate legal remedy.

OUTCOME: The court granted the motion.

CORE TERMS: state tax, use tax, speedy, Tax Injunction Act, subject matter jurisdiction, service of process, assessed tax, notice-of-claim

LexisNexis (TM) HEADNOTES - Core Concepts:

Tax Law: State & Local Tax: Administration & Proceedings
[HN1] See 28 U.S.C.S. § 1341.

Tax Law: State & Local Tax: Administration & Proceedings
Constitutional Law: Civil Rights Enforcement: Civil Rights Act of 1871: State Action
[HN2] The principle of comity bars a taxpayers' damages actions brought in federal courts under 42 U.S.C.S. § 1983 to redress the allegedly unconstitutional administration of a state tax system. Instead, these taxpayers must turn to state remedies to protect their federal rights, provided of course that those remedies are plain, adequate, and complete.

Tax Law: State & Local Tax: Administration & Proceedings
Administrative Law: Judicial Review: Standards of Review: De Novo Review
[HN3] Conn. Gen. Stat. § 12-422 provides an adequate remedy to a taxpayer before or after he has paid an assessed tax. Conn. Gen. Stat. § 12-422. Also, when an appeal is filed in a superior court, it is heard de novo.

Tax Law: State & Local Tax: Administration & Proceedings
[HN4] A state remedy need only provide an opportunity for a full hearing and judicial determination in which a taxpayer may raise constitutional claims.

Tax Law: State & Local Tax: Administration & Proceedings
[HN5] A taxpayer's failure to take advantage of the available state procedures does not mean that a state remedy is insufficient.

COUNSEL: For JADE AIRCRAFT SALES, INC., plaintiff: Gary A. Mastronardi, Bridgeport, CT.

For GENE GAVIN, defendant: John G. Haines, Attorney General's Office, Hartford, CT.

JUDGES: Dominic J. Squatrito, United States District Judge.

OPINIONBY: Dominic J. Squatrito

OPINION: MEMORANDUM OPINION AND ORDER

This matter is now before the court on Defendant's Motion to Dismiss because the action is barred by the Tax Injunction Act, 28 U.S.C. § 1341, and because an action challenging a state tax cannot be maintained under

*42 U.S.C. § 1983,* when the state offers an adequate legal remedy.

Jade Aircraft Sales ("Jade"), the plaintiff, brought this action against Gene Gavin, individually and as the present Commissioner of the State of Connecticut Department of Revenue Services ("the State"), challenging the State's assessment of a use tax. Jade alleges that the tax violates its rights under the Commerce Clause and the Due Process Clause of the United States Constitution, and *42 U.S.C. § 1983.* Jade seeks: a declaratory judgment declaring the use tax null and void; a prohibitory injunction prohibiting defendant's further efforts to collect the tax; [*2] costs and attorney's fees pursuant to *42 U.S.C. § 1988;* and other relief which the court deems appropriate. For the following reasons, defendant's Motion to Dismiss is granted.

## BACKGROUND

On or about May 1, 1991, the State assessed a use tax against Jade in the approximate amount of $25,000, pursuant to *Conn. Gen. Stat. § 12-411.* Jade appealed the assessment to the Commissioner of Revenue Services who upheld it on November 5, 1992. On November 20, 1992, Jade appealed the Commissioner's decision to the Connecticut Superior Court, pursuant to *Conn. Gen. Stat. § 12-422.* On January 3, 1994, the trial court dismissed the appeal for lack of subject matter jurisdiction because Jade failed to serve the Commissioner in the manner prescribed by *Conn. Gen. Stat. § 12-422.* Jade did not appeal this judgment. Instead, in or about April 1994, Jade brought an action in Connecticut Superior Court, pursuant to *42 U.S.C. § 1983,* alleging that the assessed tax violated the Commerce Clause. On September 2, 1994, the state trial court dismissed Jade's § 1983 claim on the ground that the court lacked subject matter jurisdiction. The Connecticut Supreme Court affirmed this dismissal on April[*3] 23, 1996. Subsequently, Jade instituted this action in federal district court on June 7, 1996.

## DISCUSSION

Jade's action is barred by the Federal Tax Injunction Act, *28 U.S.C. § 1341,* and the Supreme Court's decision in Fair Assessment in *Real Estate Ass'n v. McNary,* 454 U.S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177 (1981).

The Tax Injunction Act provides:

[HN1] The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

*28 U.S.C. 1341.* By its expressed terms, the Act bars federal courts' jurisdiction over both substantive state tax issues and requests for injunctive relief when the State provides for a plain, speedy and efficient remedy. See *Cal. v. Grace Brethren Church,* 457 U.S. 393, 73 L. Ed. 2d 93, 102 S. Ct. 2498, (1982); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 87 L. Ed. 1407, 63 S. Ct. 1070 (1943).

In *McNary,* 454 U.S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177 (1981), the Supreme Court held that [HN2] the "principle of comity bars a taxpayers' damages actions brought in federal courts under *42 U.S.C. [*4] § 1983* to redress the allegedly unconstitutional administration of a state tax system." Instead, these taxpayers must turn to state remedies to protect their federal rights, "provided of course that those remedies are plain, adequate, and complete." *Id. at 116.* Therefore, because Connecticut's remedies are plain, adequate, and complete, Jade's complaint must be dismissed.

Jade advances two arguments to support its allegation that *Conn. Gen. Stat. § 12-422* is inadequate. First, it alleges that the statute's thirty day time limit for appeal from an adverse ruling by the state tax authority is inadequate. Jade bases this first argument on Felder v. Casey, in which the Supreme Court struck down a Wisconsin notice-of-claim statute that provided a one hundred twenty day period for a claimant to give notice to a state defendant of a § 1983 claim. *487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)* (finding time period too short).

Felder, however, is factually distinct in that the notice-of-claim statute operated as a statute of limitations. The statute provided that "before suit may be brought in state court against a state or local governmental entity or officer, the plaintiff, within [one hundred twenty] [*5] days of the alleged injury, must notify the defendant of the circumstances and amount of the claim and the plaintiff's intent to hold the named defendant liable." Id.

In its second argument, Jade alleges that Connecticut's rules of administrative procedure requiring state courts to refuse to assert subject matter jurisdiction of § 12-422 claims based on a defect in the service of process are inadequate to protect federal constitutional rights. Section 12-422, however, [HN3] provides an adequate remedy to a taxpayer before or after he has paid the assessed tax. *Conn. Gen. Stat. § 12-422.* Also, when an appeal is filed in the Superior Court, it is heard de novo. Therefore, Jade's two attacks against the statute, alone, are insufficient to support a finding that the remedies are inadequate.

In a case involving a similar Connecticut statute, Finizie v. Bridgeport, the district court found the state remedy "plain, speedy and efficient" within the meaning of the *Tax Injunction Act. 880 F. Supp. 89 (D. Conn. 1995).* The court held that [HN4] a state remedy "need only provide an opportunity for a full hearing and judicial determination in which the taxpayer may raise constitutional claims." [*6] *Id. at 93.* In Finizie, the relevant statute allowed a de novo review of the decision of the board of tax review by the superior court. *Id. at 94.*

In this case, Jade appealed to the Superior Court within the thirty day limit. That court dismissed Jade's complaint, however, because of a faulty service of process. Apparently, Jade could have refiled the complaint and served the Commissioner correctly, pursuant to *Conn. Gen. Stat. § 12-422.* Alternatively, Jade also could have appealed the dismissal in a timely manner. Instead, Jade filed a § 1983 action in state court. Hence, Jade failed to use the remedy afforded by the state statute.   [HN5] "The taxpayer's failure to take advantage of the available state procedures does not mean that the state remedy is insufficient." *Finizie, 880 F. Supp. at 93.* Accordingly, Jade's complaint should be dismissed.

CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (docket no. 7) is GRANTED. The clerk is to close the case and the plaintiff hereby is notified any appeal from this decision must be made within 30 days of this order.

It is so ORDERED.

Dated at Hartford, Connecticut this 13th day of February, [*7] 1997.

Dominic J. Squatrito

United States District Judge