# UNITED STATES FEDERAL DISTRICT COURT

## SPRINGFIELD, MASSACHUSETTS

**Plaintiff:**

**Civil Action No.**

David P. Fontaine (Pro Se Litigant)
68 Van Horn Street
West Springfield, Massachusetts 01089
413-739-0152

**04-30080-MAP**

**vs.**

**Defendants:**

United States (U.S.) Government;
U.S. Internal Revenue Service (IRS) and the IRS Office of the Commissioner;
IRS employees – Sheila O'Brien, Lynn Walsh, Jane B. Finnegan, Larry Leder, and Dennis Parizek

Connecticut State (Conn.) Government
Conn. Dept. of Revenue Services (CDORS) and the CDORS Office of the Commissioner
Governor John Rowland and Commissioner Gene Gavin

Massachusetts State (Mass.) Government
Mass. Departments of Revenue (CDORS) and the CDORS Office of the Commissioner

Jun 01, 2004

## PLAINTIFF'S DISPUTE OF CDORS' MOTION TO DISMISS

The Plaintiff disputes the Defendants' Motion to Dismiss by Assistant Attorney General William J. Prensky on behalf of the State of Connecticut, CT Department of Revenue Services, CT Commissioner of Revenue Services, Governor John Rowland, and Commissioner Gene Gavin, hereinafter referenced as CDORS (in maintaining the same terminology used in the original Complaint).

CDORS' Motion to Dismiss claims lack of subject matter jurisdiction based on the Tax Injunction Act of 1937 and 28 USC 1341 which address the legal assessment and collection of taxes. The Tax Injunction Act of 1937 and 28 USC 1341 do not extend taxing authority contrary to the limits of the U.S. Constitution; create new taxing authority not defined in the U.S. Constitution; or legalize violations of Constitutionally limited authority, crimes, or Abuse of Power. The Plaintiff has alleged fraudulent administration of taxing authority/ jurisdiction, Extortion, Abuse of Power, and Deprivation of Rights. Unconstitutionally administered tax assessment is Fraud. Fraudulently administered tax collection is theft. Fraudulently collected tax is not tax; it is stolen property. Fraudulently applied penalties and interest are Extortion. Fraudulently based liens and levies are Extortion and Abuse of Power. All are crimes, including Dereliction of Duty, and Deprivation of Rights under color-of-law. The Tax Injunction Act and 28 USC 1341 cannot be legally applicable under fraudulent circumstances (when there is no authority / jurisdiction to tax the Plaintiff's Right to Labor) (16A Am Jur 2d §180 - §184).

The original Complaint, page 9, referenced Exhibit 1 (copy included), the Plaintiff's signed, witnessed (2), and notarized Affidavit, which was sent certified mail to 22 agencies / officials (7 Federal, 8 Massachusetts, and 7 Connecticut) with return receipts. The demand for disclosure of jurisdiction/authority made on page 19 of Exhibit 1 has never been answered.

The Plaintiff's original Complaint, pages 37 through 41, did state a claim against CDORS upon which relief could be granted. The claim is for the return of Plaintiff's property, stolen under fraudulent representation of taxing authority and Extortion.

Attached, please find CDORS Exhibits – Correspondence Reference List, showing 32 documents transpired between April 1999 (tax year 1998) and November 2000. All are related to an alleged 1998 tax, penalties, interest, and threats of liens / levies, which the Plaintiff has been disputing. The Plaintiff has alleged in the original Complaint that CDORS has fraudulently represented its taxing authority. CDORS has not returned the Plaintiff's property and never retracted its threats, and is thus actively continuing the alleged Fraud and escalating the alleged Extortion.

CDORS' Motion to Dismiss is based on CDORS exercising <u>legal</u> taxation upon Plaintiff. The Plaintiff has supplied Federal Supreme and District Court Citations (on point, in context, and verbatim), directly refuting CDORS' authority / jurisdiction upon him. CDORS has yet to justify their authority / jurisdiction relating to Plaintiff's Right to Labor, his only source of income.

> "Observation: The principle that one challenging the constitutionality of legislation bears the burden of proving its unconstitutionality does not apply to statutes or ordinances restricting speech and other fundamental rights, inasmuch as the burden of proof in such cases rests with those who have imposed the restrictions." (16A Am Jur 2d §198).

The Plaintiff challenges CDORS' Court Cites as they are not on point, in context, and verbatim. These cases involve corporate entities, which most definitely are "Taxpayers". "Taxpayers" (2nd class citizens born out of government) owe their existence to government, through existence alone engage in "privileged activities", and are subject to "income tax". The Plaintiff is a Natural born Sovereign Citizen and is not, by simply existing, engaged in any privileged activity. The Plaintiff, to the best of his knowledge, has not engaged in a privileged activity, and therefore cannot be a "Taxpayer" and cannot be subject to the excise (privileged activity) "income tax" (reference the Court Cites below).

The Plaintiff cannot be a "Taxpayer" unless, and only while, he engages in "privileged activities". The Plaintiff must knowingly be engaging in privileged activities, because, by definition, those activities must be avoidable. Privileged activities cannot be avoidable if the governing body defining those activities refuses to divulge what those activities are. CDORS has not identified a privileged activity in which the Plaintiff participated, which would warrant the targeting of the Plaintiff's income for the measurement of any tax.

The Plaintiff's wages are utilized to calculate "income tax" as shown on the CT-1040NR/PY. The Plaintiff's wages are his Rightful property as stipulated by the Court Cites below. All CDORS documents sent to the Plaintiff fail to segregate "privileged activity" income from Rightful income. The CDORS documents do not contain, or seek to obtain, the crucial information vital to making a legal assessment. The crucial information, which first must be determined, is the authority / jurisdiction (applicability) of an excise tax on the happening of an event in which the Plaintiff would have engaged to define him as a "Taxpayer", not the computation of an irrelevant amount of tax measured by income not subject to privileged activity tax. The Plaintiff through certified mail, sent documents to CDORS seeking CDORS' authority / jurisdiction in April 2000, for "tax year 1999" and they remain unanswered.

CDORS has the Plaintiff's employer's wage reporting information. CDORS needs no information from the Plaintiff to determine that the Plaintiff has only engaged in his Right to Labor for existence; his employment wages are his Rightful property, and cannot be taxed in the manner attempted by CDORS without violating the U. S. Constitution taxing restrictions or directly contradicting the Court Cites below.

The Plaintiff's original Complaint (pages 12 through 15) contains the following U.S. Supreme and Federal Court citations (on point, in context, and verbatim) and are his basis for determining his non-taxpayer status; they directly refute CDORS' fraudulent application of taxing authority / jurisdiction upon him; and justify including CDORS in his Complaint.

1.  There are only 2 classes of taxes, direct and indirect.

"In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises." Brushaber v. Union Pac. R. R. Co., 240 U.S. 1, 13, 36 S. Ct. 236, 60 L. Ed. 493 (1916)

2.  As a result of the 16th Amendment, the Income Tax is definitely an indirect tax.

"The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged..." Stanton v. Baltic Mining Co., 240 U.S. 103 (1916)

"One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924)

"Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

This "effect of the 16[th] Amendment was also expounded upon by respected law encyclopedias of that era. See, e.g., Ruling Case Law, Volume 26, Taxation, Section 119, at page 146 (1929); Corpus Juris, Volume 33, Internal Revenu, Section 46, note 37(c), page 295 (1924).

3.  Thus being classified as indirect, the income tax is an excise tax.

"The tax is, of course, an excise tax, as are all taxes on income, but it is not rendered void on that account" White Packing Company v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

"The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

"Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in Stanton, and Flint discusses the scope of the term 'excise tax'" United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992).

"Therefore it can be clearly determined from the decisions of the United States Supreme Court that the income tax is an indirect tax, in the nature of an excise tax." American Law Division of the Congressional Research Service, Library of Congress, Report No. 80-19A (1980)

4.  Indirect taxes (which include excises) cannot be laid upon property.

    Flint v. Stone Tracy co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911)

    "A tax laid upon the happening of an event, as distinguished from its tangible fruits, is an
    indirect tax" Tyler v. United States, 281 U.S. 497, 502, 50 S.Ct. 356, 74 L.Ed. 991 (1930)

5.  An Individual's own labor is his property.

    "The property which every man has is his own labor, as it is the original foundation of all other
    property" Butchers' Union Co. v. Cresent City Co., 111 U.S. 746, 757, 4 S.Ct. 652, 28 L.Ed. 585
    (1884)

6.  The income from an Individual's own labor is also his property.

    "Included in the right of personal liberty and the right of private property –partaking of the
    nature of each—is the right to make contracts for the acquisition of property. Chief among such
    contracts is that of personal employment, by which labor and other services are exchanged for
    money or other forms of property." Coppage v. Kansas, 236 U.S. 1, 14, 35 S.Ct. 240, 59 L.Ed.
    441 (1915)

7.  An excise tax is a privilege tax.

    "The terms excise tax and privilege tax are synonymous." American Airways v. Wallace, 57
    F.2d 877, 880 (D.C. Tenn. 1932), aff'd 287 U.S. 565, 53 S.Ct. 15, 77 L.Ed. 498 (1932)

"The terms 'excise tax', 'license tax', and 'privilege tax' are synonymous and are used interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of persons, whereas a 'direct tax' is one which is imposed upon persons themselves or upon property owned by them." Roberts v. City of Baton rouge, 108 So.2d 111, 236 La. 521 (1958), r'hg denied.

8. Privilege tax (excise) is unlawful upon the right to exist (one's own labor).

"[E]very man has a natural right to the fruits of his own labour" In re Antelope, 23 U.S. 66, 120, 6 L.Ed. 268 (1825)

"Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960)

"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

The Plaintiff's allegations against CDORS are not about CDORS' legal taxing power, which may very well have authority / jurisdiction over entities / persons involved with privileged activities. The Plaintiff is not claiming that the state "income tax" is illegal or unconstitutional, but that CDORS has fraudulently applied this authority / jurisdiction beyond the above Court cited limits. The Plaintiff's allegations against CDORS are Fraud and Extortion to take Plaintiff's Rightful property by force through Abuse of federally limited Power.

CDORS' use of the Plaintiff's Rightful income (wages) as a measure of an excise tax contradicts the Court Cites above, and fraudulently converts the Sovereign Plaintiff into a 2nd class "Taxpayer", stripping him of his "Unalienable Rights", and fraudulently applies an inapplicable tax upon the Plaintiff's Right to Labor (source of wages). This is identical to the process used by the IRS and is the primary element of the Fraud charged against the Defendants including CDORS in this Case, as detailed in the 44-page Complaint. All other documents sent by CDORS perpetuate Fraud and Extortion, and introduce Conspiracy as well.

CDORS appears to propose an unlawful assessment of a non-apportioned direct tax on the Plaintiff's Rightful property (wages) or on the Plaintiff himself (his Right to exist). As direct taxes must be apportioned, CDORS' alleged tax must be indirect.

As indirect, it falls under duties, imposts, and excises. The proposed alleged tax must therefore be an excise tax (privileged activity tax), and only the income from the privileged activity would be taxable, but there is no privileged, avoidable subject matter, which the Plaintiff could have engaged in, to tax. As an indirect tax assessment, it fraudulently converts the Plaintiff's Right to Labor into a privileged activity. The income CDORS has targeted for taxation or used as a measure of tax is the Fruits of the Plaintiff's Right to Labor in a legal profession of his choosing. It is his Rightful property and would have to be directly taxed through apportionment. CDORS has not produced the authority / jurisdiction for the alleged color-of-law tax on the Plaintiff's property. The amount of tax (assessment) is irrelevant.

CDORS has never informed the Plaintiff of a legal basis of their taxing authority / jurisdiction. The withholding of this crucial information from the Plaintiff is part of the alleged fraud.

The Plaintiff can only reasonably conclude that the "information" CDORS obtained is the Plaintiff's wage statements sent by his employers, as this is the only reference shown in CDORS' documents. According to the Federal Court Citations already referenced, CDORS should already know (the law) that the Plaintiff's wages are the Rightful Fruits of his Rightful Labor, that these wages are his Rightful property, and that "his Rights to live and own property are natural Rights for the enjoyment of which an excise cannot be imposed". The above Federal Court Citations clearly state that "income taxes" are excise (privilege) taxes, that they are imposed upon the acts of persons and that they are avoidable. The Plaintiff has only been engaged in the act of existing. The Plaintiff has not participated in a privileged activity, and therefore has no privileged income from which an excise tax could be assessed.

"The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality no law, [FN27] but is wholly void, [FN28] and ineffective for any purpose. [FN29] Since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, [FN30] an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed [FN31] and never existed, [FN32] that is, it is void ab initio. [FN33] Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. [FN34]"
16A Am Jur 2d 203

The Plaintiff is not seeking recovery of internal revenue tax, but recovery of property stolen through Fraud under 18 USC 1001 and 1341, Extortion under 18 USC 872, Involuntary Servitude under 18 USC 1584, Forced Labor under 18 USC 1589, and Deprivation of Rights under 18 USC 242. The CDORS scheme contains what appears to be fraudulent representation of taxing authority / jurisdiction per the U.S. Constitution and U.S. Supreme and Federal Court Citations referenced above. CDORS' use of Plaintiff's wages to compute an assessment has unconstitutionally asserted authority / jurisdiction over the Plaintiff's Right to Labor and his Right to the Fruits thereof. The Plaintiff alleges CDORS has no legal basis for their acts against the Plaintiff, and has violated Constitutionally restricted taxing authority. As such, Federal jurisdiction is required.

Referencing the above Supreme and Federal Court cites and 16A Am Jur 2d 151:

" The United States has standing to challenge state laws or rules that contradict or contravene federal laws or practices."

CDORS has sent these allegedly fraudulent documents through the Postal System to the Plaintiff's home, invoking 18 USC 3237.

CDORS states "The Connecticut Income Tax Statutes Provide More than Adequate Legal Remedies." This is not a tax dispute. This is about recovery of property stolen by allegedly fraudulent Abuse of Power limited by the U.S. Constitution and explicitly clarified by federal Supreme and District Court Cites included above; the CDORS remedy is inapplicable.

CDORS claims that the Plaintiff, as a taxpayer, "failed to take advantage of these remedies". The Plaintiff asserts, as a non-taxpayer, his "Unalienable Rights" cannot be circumvented by CDORS' fraudulent scheme to deprive the Plaintiff of property or Rights.

As specified in the original Complaint and all other documents submitted, the Plaintiff is seeking a Due Process, fair trial under the Federal Judicial Branch of Government because the offenses include Abuse of Constitutionally limited Power in the Executive Branch. The allegedly fraudulent CDORS documents provided no legal recourse, as they were contaminated from the moment of their inception and carry no legal authority.

The Plaintiff reasonably concluded that the allegedly fraudulent authority / jurisdiction to tax the Plaintiff, contained therein, may not have been the only fraudulent aspect of the documents. The Plaintiff has no expectation of unbiased, "separation of powers", "Due Process" remedy through the Administrative Tax Court under the Executive Branch when the Executive Branch is responsible for the alleged Fraud and Extortion.

"As a part of the executive branch of government, an administrative tribunal is not a court; it is not a part of the judicial branch of government, for purposes of the separation of powers doctrine. [FN7] And as a general rule, administrative agencies have no general judicial powers. [FN8] Thus, an administrative agency does not have the power, without statutory authority, to overrule or ignore a judicial precedent. [FN9] Moreover, the general rule is that an administrative agency may not determine constitutional issues, and is not authorized to consider or question the constitutionality of a legislative act or to declare unconstitutional statutes which it was created to administer and enforce. [FN10]" 16A Am Jur 2d §257

"The protection of constitutional rights is a core function of the judiciary." 16A Am Jur 2d §260

The Plaintiff began his battle with CDORS over a dispute that CDORS was taxing his wife's income, as well as his. For the sake of argument, and theorizing that CDORS can prove legal authority / jurisdiction, CDORS has yet another matter to contend with. CDORS' "Income Tax" scheme fails to segregate the Plaintiff's Connecticut income from out-of-state income, effectively taxing that income, and crossing State jurisdictional boundaries into Massachusetts, again invoking federal intervention.

The Plaintiff asserts that the 11th Amendment, cited by CDORS, is not a shelter for Abuse of Power or Crimes against Sovereign Citizens of another State.

The Plaintiff has filed a Complaint in Federal District Court seeking an impartial Trial by Jury from the Federal Judicial Branch of Government because of Abuse of Constitutionally limited Power by the Internal Revenue Department in the Federal Executive Branch, as well as the same departments of the Massachusetts and Connecticut Governments. The Plaintiff submits that CDORS' documents showing their same pattern of fraudulent abuse of authority / jurisdiction and their same omission of crucial information are identical to the Case detailed in the Complaint and must be presented before an impartial Jury.

The Plaintiff asserts that the level of detail being argued here should be under unbiased Jury scrutiny. The assertion of Fraud upon the Plaintiff is not just a legal question, but is a misrepresentation scheme that a legally untrained person is most likely to become subjected; and something only a Jury is qualified to judge.

The Plaintiff respectfully requests that this Case be continued against CDORS, asserts that the Springfield Federal District Court most definitely has subject matter jurisdiction, and respectfully requests that CDORS be directed to answer the authority / jurisdiction contradiction and the Complaint.


_David P. Fontaine_                                  _Jun 01, 2004_

David P. Fontaine – Plaintiff Pro Se                           Date

Under Threat, Duress, and/or Coercion

## CERTIFICATE OF SERVICE

I, David P. Fontaine, Plaintiff (Pro Se), 68 Van Horn St., West Springfield, MA 01089, do hereby certify that on _Jun 01, 2004_, a true copy of the above document was served by first class mailing, postage prepaid, upon the Attorney of record for the Defendants (STATE OF CONNECTICUT, CT DEPT OF REVENUE SERVICES, CT COMMISSIONER OF REVENUE SERVICES, GOVERNOR JOHN ROWLAND, and COMMISSIONER GENE GAVIN), William J. Prensky, Assistant Attorney General, 55 Elm Street, Hartford, CT. 06141-0120.

David P. Fontaine – Plaintiff Pro Se