IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID P. FONTAINE, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 04-30080-MAP |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendants. | ) |

UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS

The United States, by undersigned counsel, hereby moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

Plaintiff has initiated the instant action against the United States, the State of Connecticut, the Commonwealth of Massachusetts, and the taxing authorities for each sovereign.[1] Plaintiff seeks an immediate temporary injunction restraining the Internal Revenue Service from further collection activities and undoing collection actions already taken. He also seeks damages for the assessment and collection actions taken by the Internal Revenue Service. Specifically, plaintiff seeks $5,856,121.00 in compensatory damages for the plaintiff's ongoing "enslavement," as well as $20,000,000 in apparently

---

[1] The United States does not address the claims made against the states nor the myriad of defenses available to them. The United States generally concurs with those motions to dismiss.

- 2 -

punitive damages.[2]  To support his allegations, plaintiff asserts, in part, that his property was stolen (presumably by the taxing authorities) and he is seeking recovery pursuant to 18 U.S.C. §§ 1001 and 1341 (fraud); 18 U.S.C. § 872 (extortion); 18 U.S.C. § 1584 (involuntary servitude); 18 U.S.C. § 1589 (forced labor); 18 U.S.C. § 242 (deprivation of rights).[3]  Plaintiff's claims derive from his (mistaken) belief that he has been improperly designated as a taxpayer by the Internal Revenue Service, constituting a fraud against him.  He asserts instead that he is a "sovereign citizen," asserting, in essence, that he has opted out of, or never opted into, the status of being a taxpayer.  Plaintiff's claims are wholly without merit, individuals are not given the choice to opt out of the provisions of the federal internal revenue laws.  Plaintiff is, quite simply, a non-taxpaying taxpayer and this proceeding must be dismissed.

---

[2]  Apparently Mr. Fontaine believes that having to deal with federal and state income tax laws is a form of enslavement.

[3]  None of these statutory provisions, however, provide a basis for the relief that Mr. Fontaine is seeking.  As a private citizen, Mr. Fontaine does not have standing to enforce alleged violations of the federal criminal provisions.  See, e.g., Miller v. Mallory, 410 F.Supp. 1283, 1287 (D. Ore. 1976).  Moreover, criminal statutes generally do not create any type of private cause of action for damages against federal officials and therefore have no application to a civil proceeding for damages.  See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1979); Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977).

- 3 -

ARGUMENT

A. PLAINTIFF'S SUBSTANTIVE ALLEGATIONS ARE WHOLLY WITHOUT MERIT AND CONTAIN TIRED TAX-PROTESTOR ALLEGATIONS DISMISSED BY THE COURTS AS FRIVOLOUS

Plaintiff forwards two frivolous tax-protestor arguments to support his claims in this matter that he is not a taxpayer subject to the internal revenue laws.[4] First, he asserts that he is a sovereign citizen, and not a "taxpayer" as that term is defined by the Internal Revenue Code. Second, he asserts that the Sixteenth Amendment does not allow for the taxation of an individual's wages or income. These arguments are entirely without merit and must be dismissed by this Court.

First, the Sixteenth Amendment to the United States Constitution specifically grants the Congress of the United States the power to tax, stating "the Congress shall have the power to lay and collect taxes on incomes, from whatever source derived,

---

[4] Plaintiff has liberally sprinkled the names of several IRS employees throughout his complaint. The complaint does not truly seek relief against any of the individuals as he challenges only the tax laws and procedures. See Hawaii v. Gordon, 373 U.S. 57 (1963) (holding that actions against federal employees acting in their official capacity are actions against the United States). See also Dugan v. Rank, 372 U.S. 609, 620 (1963); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); DeLeeuw v. Internal Revenue Service, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987).

Even if the complaint were deemed otherwise sufficient to state a claim against the IRS employees under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), plaintiff cannot, as a matter of law, prevail on such a claim. Congress has provided a wide range of remedies for improperly collected taxes, and because the possibility of a Bivens action against federal employees who assess and collect taxes would be likely to interfere with the effective administration of federal taxes, Bivens actions against IRS for even heavy-handed, abrasive, and negligent tax assessment and collection activities must be dismissed for failure to state a claim. See e.g., McMillen v. United States Dep't of Treasury, 960 F.2d 187, 190-91 (1st Cir. 1991).

- 4 -

without apportionment among the several states, and without regard to census or enumeration." U.S. Cons. Amend. XVI.  The Supreme Court has recognized, for more than 90 years, that the Sixteenth Amendment authorizes a direct nonapportioned tax upon United States' citizens.  See Brushaber v. Union Pacific Railroad, 240 U.S. 1, 12-19 (1916).  Exercising this power, Congress enacted the Internal Revenue Code, and defined gross income.  See 26 U.S.C. § 61 ("gross income means all income from whatever source derived").  Broadly speaking, the definition of income covers all accessions to wealth, including wages.[5]  Commissioner v. Glenshaw Glass, 348 U.S. 426, 431 (1955) ("income includes all accessions to wealth"); In re Haggert, 981 F.2d 1245, 1992 WL 379414, *4 (1st Cir. 1992) ("[Taxpayer] argued that he was not a taxpayer, and owed no income tax, because his wages were not income; that he did not live within the jurisdiction of the IRS, which is limited to Washington, D.C.;that the income tax is a voluntary tax by self-assessment, and he has not chosen to volunteer; that the income tax is an excise tax; and that application of the Internal Revenue Code to [taxpayer] would be unconstitutional.  These arguments are meritless, indeed silly, on their face."); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (" wages are

---

[5] The argument that wages, tips, and other compensation received for personal services is not income has been rejected by every court that has addressed this issue. All compensation for personal services, no matter the form of payment, must be included in gross taxable income.  See, e.g., Commissioner v. Kowalski, 434 U.S. 77 (1977); Glenshaw Glass, 348 U.S. at 431; United States v. Connor, 898 F.2d 942, 943-44 (3d Cir.), cert. denied, 497 U.S. 1029 (1990); United States v. Sassak, 881 F.2d 276, 281 (6th Cir. 1989); Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984).

- 5 -

within the definition under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation").

Pursuant to this constitutional mandate, Congress has further identified and limited the concept of taxable income. Section 1 of the Internal Revenue Code imposes an income tax on every individual. See 26 U.S.C. § 1. Section 63 defines taxable income as gross income minus allowable deductions. See 26 U.S.C. § 63. Sections 6001, 6011, and 6012 mandate that a person keep records and file a tax return for any tax which he is liable. See 26 U.S.C. § § 6001, 6011, 6012. Section 6151 requires that said taxes be paid to the Internal Revenue Service and establishes the parameters for such a payment. See 26 U.S.C. § 6151. See also Lonsdale v. United States, 919 F.2d 1440 (10th Cir. 1990). Failure to file and pay taxes could cause the noncomplying individual to be subject to civil and criminal liabilities, including fines and imprisonment.

There is no question that the United States government has the authority to tax citizens and residents of the United States.[6] See 26 U.S.C. § 1; 26 C.F.R. § 1.1-1(a) (Treas. Reg. § 1.1-1(a)) ("Section 1 of the [Internal Revenue] Code imposes an income tax on the income of every individual who is a citizen or resident of the United States"). See also Dennis v. United States, 660 F.Supp. 870, 874 n.2 (CD Ill. 1987) ("[taxpayer] has failed to demonstrate that his situation uniquely excepts him from the well

---

[6] To the extent that the plaintiff is challenging the validity of the assessment process, the United States will not respond to these contentions as these challenges have been found to be frivolous by the courts. See, e.g., Martin v. Commissioner of Internal Revenue, 756 F.2d 38, 40 (6th Cir. 1985); Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187, 1188 (6th Cir. 1984); United States v. Jaqim, 978 F.2d 1032, 1038 (8th Cir. 1992); United States v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991).

- 6 -

established principle that the taxing power of the United States of America extends to every individual who is a citizen or resident of this nation"); <u>O'Driscoll v. IRS</u>, 1991 WL 133417, *2 (ED Pa. 1991). The obligation to pay taxes clearly extends to Mr. Fontaine, and he has utterly failed to establish why he should be excepted.[7]

The taxpayer wants the best of all worlds, the benefits of citizenry in the United States without the commensurate obligations; he is a freeloader. As aptly stated by one court in <u>Blake v. United States</u>, 84-2 U.S.T.C. ¶ 9658 (Ariz. 1984),

> [Taxpayer] is one of a group of persons known as 'tax protestors.' They are persons who enjoy the blessings of living in a land of freedom and who, every day of their lives, use some service provided or paid by the Federal Government. They use the postal service for their mail. They rely upon weather reports. They use national parks and national forests for recreational purposes. They drive upon highways which are financed substantially by federal moneys. They deposit their own moneys in financial institutions whose accounts are insured by federal agencies. And they go to Federal Courts to seek relief when they feel that they have grievances. In benefiting from these federally funded programs, the taxpayers are receiving nothing more nor less than what is received by their fellow citizens . . . However, the tax protestors are unwilling to pay for these services and programs. They want to be freeloaders. They

---

[7] There does not appear to be any genuine dispute that Mr. Fontaine has received remuneration in the form of wages, as he states in his complaint:

> Lynn Walsh's proposed tax assessment (Exhibit 4 enclosure - Tax Calculation Summary page) identifies the Plaintiff's Rightful property, his wages, as the measure of a tax. This is in direct contradiction to the Court citations above. The Plaintiff has not engaged in any privileged taxable activity, but has only exercised his Right to labor in legal professions. His labor cannot be the subject of an excise tax. The fruits of his labor, his income, cannot be the measure of that tax.

Complaint, Page 16.

- 7 -

> have arrogated to themselves the 'right' not to pay income taxes. They are willing to let their fellow law-abiding citizens make all the payments. They attempt to shift the burden to their fellow citizens by failing to file tax returns or by filing tax returns which do not correctly state the information required by law.

### B.  PLAINTIFF HAS NOT ESTABLISHED A WAIVER OF THE UNITED STATES' SOVEREIGN IMMUNITY

Under settled principles of sovereign immunity, "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of the consent to be sued in any court define that court's jurisdiction to entertain that suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).  The waiver of the federal government's immunity from suit must be strictly construed, and unequivocally expressed, and cannot be implied.  See United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941).  The effect of this doctrine is to allow suit against the United States only through consents established by Congress.  See Lehman v. Nakshian, 453 U.S. 156, 160 (1981). "Absent a waiver of sovereign immunity, even claims based on the Constitution are barred."  Contemporary Mission, Inc. v. United States, 648 F.2d 97, 104 (2nd Cir. 1981); Lynn v. United States Dept. of Health and Human Services, 583 F.Supp. 532, 534 (S.D.N.Y. 1984).  Without an express waiver of sovereign immunity, there is no subject matter jurisdiction resting with the Court to consider plaintiff's claims, and the complaint should be dismissed.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).

- 8 -

The plaintiff cannot show a waiver of sovereign immunity in this case. Because Mr. Fontaine is filing his claim pro se, the government will attempt to cover all of the potential bases for his claims under the more liberal pleading standards applied to pro se complaints. For this Court to have jurisdiction over the Plaintiff's action, there must be a federal statute authorizing the United States to be sued for the injunctive and declaratory relief sought by Plaintiff, and the Plaintiff must have complied with the prerequisites for suing the United States contained in such statutes. See F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994).

The plaintiff has not identified any provision in which Congress has waived sovereign immunity of the United States in the instant case. The burden is upon him to establish that the United States has consented to this suit. See Whittle v. United States, 7 F.3d 1259, 1261 (6th Cir. 1993). Sovereign immunity is not waived by general jurisdictional statutes such as 28 U.S.C. § 1331; rather, the jurisdiction conferred on the federal district courts by such statutes is limited to cases in which the government has consented to be sued – such statutes do not by themselves constitute waivers of sovereign immunity. See Whittle, 7 F.3d at 1261; Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994).

First, to the extent that the complaint contains any count sounding in tort, the plaintiff cannot maintain a tort action against the United States. The Federal Tort Claims Act is a limited waiver of the United States sovereign immunity and permits certain damages actions arising out of the conduct of federal employees who are acting within the scope of their employment. See 26 U.S.C. § § 1346(b); 2671-80. See also United States v. Smith, 499 U.S. 160 (1991). Before a Federal Tort Claims Act

- 9 -

damages action may be filed in District Court, however, the person seeking recovery from the United States must first submit a claim to the appropriate federal agency and that claim must be denied (or remain pending at least six months).  28 U.S.C. § 2675(a).[8]  Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an FTCA action in District Court.  See McNeil v. United States, 508 U.S. 106, 112 (1993) (holding that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process").  In addition, plaintiff's complaint runs afoul of the tax exception to the Federal Tort Claims Act in 28 U.S.C. § 2680(c).  See American Assoc. of Commodity Traders v. Dept. of the Treasury, 598 F.2d 1233 (1st Cir. 1979).  Here, assuming plaintiff's complaint can be read to sound in tort, he has failed to exhaust his administrative remedies with respect to an action under the Federal Tort Claims Act. Therefore, any tort action against the United States must fail.

Second, to the extent that this complaint might be construed to contain a claim for refund, it must be dismissed.  The jurisdictional requirements for bringing a refund suit in district court against the United States are enunciated in sections 7422, 6511,

---

[8]  Section 2675 of Title 28, United States Code, states in pertinent part:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this Section.

- 10 -

and 6532 of the Internal Revenue Code. Only by complying with the statutory requirements regarding the filing of a claim for refund of purportedly overpaid taxes can a taxpayer invoke the waiver of governmental sovereign immunity.  Without compliance with the statutory requirements, sovereign immunity prohibits a refund action and it must be dismissed.  26 U.S.C. § 7422.

Section 7422 requires the filing of a valid claim for a refund with the Internal Revenue Service before a taxpayer may proceed with a suit in federal district court. See Dalm, 494 U.S. at 609-10; Little People's School, Inc. v. United States, 842 F.2d 570 (1st Cir. 1988); Firsdon v. United States, 95 F.3d 444, 446 (6th Cir. 1996); United States v. Forma, 42 F.3d 759, 766 (2nd Cir. 1994); Longiotti v. United States, 819 F.2d 65 (4th Cir. 1987); Vintella v. United States, 931 F.2d 1444, 1445 (11th Cir. 1991).  It is up to the Plaintiff to show in his complaint that these jurisdictional prerequisites have been met.  See Fed. R. Civ. Pro. 8.  In this case, the Plaintiff has failed to do so.[9]

Finally, to the extent that plaintiff's complaint seeks injunctive or declaratory relief, it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).  The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment of collection of any

---

[9] Plaintiff also concedes in his complaint that this action is not properly brought pursuant to 26 U.S.C. § § 6320 and/or 6330.  These sections provide for judicial review of administrative determinations made by the Internal Revenue Service with respect to requests by taxpayers for a collection due process hearing when a Notice of Intent to Levy or Notice of Federal Tax Lien is issued.  In this case, however, plaintiff explicitly asserts in his complaint that he did not fulfill the statutory requirements for bringing an action under one of these provisions, and his action is therefore barred under 26 U.S.C. § § 6320 and 6330.

- 11 -

tax shall be maintained in any court for any reason." 26 U.S.C. § 7421(a).[10]  The purpose of this act is to permit the United States to assess and collect taxes without judicial intervention.  See Bob Jones University v. Simon, 416 U.S. 725, 736-37 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Since the actions taken in this case, the filing of Notices of Federal Tax Liens and the issuance of a Notice of Deficiency, are clearly assessment and collection activities, they clearly fall within the ambit of this statutory provision.  Therefore, the complaint must be dismissed as to the Internal Revenue Service and its agents as specifically barred by the Anti-Injunction Act.

Similarly, to the extent plaintiff is seeking a declaratory judgment, the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201) bars such relief.

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal

---

[10] The Supreme Court has carved out two exceptions to the general rule that the IRS cannot be enjoined from assessing or collecting a tax.  First, the Court held that an injunction could be maintained where a taxpayer can show that (1) under no circumstances can the government ultimately prevail on the merits of the tax claim at issue; and (2) equity jurisdiction otherwise exists due to a threat of irreparable harm for which the taxpayer has no legal remedy.  Enochs v. Williams Packing & Navigation, 370 U.S. 1, 7 (1962).  An additional judicial exception to the Anti-Injunction Act was announced in South Carolina v. Regan, 465 U.S. 367, 381 (1984), where the Court held the Act was not meant to apply where an aggrieved party "would be required to depend on the mere possibility of persuading a third party to assert its claims."  However, the Act was not intended to apply when Congress has provided an alternative avenue for an aggrieved party to litigate its claim on its own behalf.  See Regan, 465 U.S. at 381.  Plaintiff in this case fails both prongs of the Enochs test because he cannot possibly prevail on the merits of his case, and the plaintiff has other clearly-prescribed remedies, which precludes application of the Regan exception.  Therefore, neither judicial exception to the Anti-Injunction Act applies in this case.

- 12 -

>relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . .

28 U.S.C. § 2201.  <u>See also</u> <u>Commissioner v. Americans United, Inc.</u>, 416 U.S. 752, 759 (1974); <u>Mitchell v. Ridell</u>, 402 F.2d 842 (9th Cir), <u>cert</u> <u>denied</u> 394 U.S. 456 (1969). As such, to the extent plaintiff's complaint can be construed as a request for a declaratory judgment, it must fail.

## CONCLUSION

Plaintiff's action must be dismissed as plaintiff has utterly failed to state a claim upon which relief can be granted, and it is barred by the sovereign immunity of the United States of America.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia D. Bottome
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

- 13 -

CERTIFICATE OF SERVICE

     IT IS HEREBY CERTIFIED that, on this 3rd day of June, 2004, a copy of the foregoing United States' Memorandum of Law in Support of Its Motion to Dismiss was filed electronically. Notification of this filing will be sent to each counsel via the electronic filing system. A copy of this document will also be sent to all parties and counsel who have entered an appearance by first class mail.

     /s/ Lydia D. Bottome
LYDIA D. BOTTOME

Service List

David P. Fontaine
68 Van Horn Street
West Springfield, Massachusetts 01089

Heather J. Wilson
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm Street
Hartford, CT 06141

William J. Prensky
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm Street
Hartford, CT 06141

William P. O'Neill
Office of the Attorney General
Commonwealth of Massachusetts
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103