



## UNITED STATES FEDERAL DISTRICT COURT

## SPRINGFIELD, MASSACHUSETTS

**Plaintiff:**

David P. Fontaine (Pro Se Litigant)
68 Van Horn Street
West Springfield, Massachusetts 01089
413-739-0152

**vs.**

**Defendants:**

United States (U.S.) Government;
U.S. Internal Revenue Service (IRS) and the IRS Office of the Commissioner;
IRS employees – Sheila O'Brien, Lynn Walsh, Jane B. Finnegan, Larry Leder, and Dennis Parizek

Connecticut State (Conn.) Government
Conn. Dept. of Revenue Services (CDORS) and the CDORS Office of the Commissioner
Governor John Rowland and Commissioner Gene Gavin

Massachusetts State (Mass.) Government
Mass. Departments of Revenue (MDOR) and the MDOR Office of the Commissioner

**Civil Action No.**

**04-30080-MAP**

Jun 17, 2004

## PLAINTIFF'S DISPUTE OF UNITED STATES' MOTION TO DISMISS

The Plaintiff received a copy of an Appearance for filing by mail on May 22, 2004 from Trial

Attorney Lydia D. Bottome and believes her paperwork indicates that she is the attorney of record

representing the United States (U.S.) Government, the U.S. Internal Revenue Service (IRS) and the

IRS Office of the Commissioner, and the IRS employees – Sheila O'Brien, Lynn Walsh, Jane B.

Finnegan, Larry Leder, and Dennis Parizek, hereinafter referenced as IRS (in maintaining the same

terminology used in the original Complaint). Please advise me if this is incorrect.

The Plaintiff received the IRS' Motion to Dismiss on Jun 06, 2004, and disputes the IRS' Motion to

Dismiss for the following errors/misstatements in the IRS' Statement of the Case.

1. The $5,856,121.00 is not compensatory damages, but is the present day value of property
   stolen by all of the Defendants in the original Complaint through Fraud, and belongs to the
   Plaintiff.

2. IRS' Footnote 2 on Page 2 misstates the reason for punitive damages.

   a. The Defendants' over-taxation scheme forces the Plaintiff (a non-obligated Sovereign
      Citizen) to expend uncompensated labor to retrieve his Rightful property.

   b. The enormous overhead of corporate taxation enslaves the Plaintiff to an outrageous
      pile of color-of-law unnecessary paperwork.

   c. The Defendants' fraudulent representation of taxation power is Abuse of Power,
      deserving a punitive deterrent.

3.  Plaintiff has not claimed "that he has opted out of, or never opted into, the status of being a taxpayer". The Plaintiff claims (from his Court Citations contained within the original Complaint and herein) that "income taxes" are not a tax on his income, but are indirect taxes[1], more specifically excise taxes[2]; that they are taxes imposed on certain privileged activities[3]; and that the Plaintiff has not knowingly engaged in any privileged activities which would be subject to taxation. He is, by the true legal definition in the tax code, complying with the law. The Plaintiff claims that the IRS continues to fraudulently represent what the "income tax" really is. INCOME TAX IS NOT A TAX ON INCOME. The IRS misrepresentation of this tax is Fraud and Abuse of Power.

4.  The Plaintiff is not "quite simply, a non-taxpaying taxpayer", but is an individual who has not knowingly participated in any privileged activities which would subject him to an "income tax".

---

[1] "Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

[2] "Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in Stanton, and Flint discusses the scope of the term 'excise tax'" United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992).

[3] "The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

5.  IRS' Footnote 3 states that the charges are criminal, and that the Plaintiff does not have standing to enforce them. The Plaintiff has initiated a Civil Complaint as the only available legal recourse, since the District Attorney represents the Defendants. The Plaintiff believes that the law blocks the Plaintiff from initiating a Criminal Complaint or a Grand Jury Hearing. The Plaintiff requests that the Judge initiate a Grand Jury Hearing to best serve Justice.

The Plaintiff disputes the IRS' Motion to Dismiss for the following errors/misstatements in the IRS' Argument, section A.

1.  The IRS claims the Plaintiff's allegations are "wholly without merit and contain tired tax-protestor allegations dismissed by the Courts as frivolous".

    a.  If challenging Abuse of (taxation) Power is frivolous, then our Founding Fathers' Declaration of Independence and the bloodshed that resulted in standing by it would be for naught. The IRS is attempting to divert the Court's attention to the matter at hand by applying legally meaningless labels to the Plaintiff. In reality, "tax-protestor" allegations by Sovereign Citizens most probably have been solely defeated because of tricks-of-the-trade, rather than legal standing. The Court Citations used by the Plaintiff are on point, in context, and verbatim. The Court Citations used by the Defendants have not been true to the matter at hand.

b. The Plaintiff does not claim "that he is not a taxpayer subject to the internal revenue laws". The Plaintiff is not knowingly engaged in any privileged activity that would subject him to the internal revenue laws; therefore he is not, by law the taxpayer[4] liable for "income taxes". The Plaintiff has only been engaged in his Right to exist. The Plaintiff's Right to Labor[5] is not the subject of privileged activity taxes ("income taxes")[6].

d. IRS' Footnote 4 claims that the "Plaintiff has liberally sprinkled the names of several IRS employees throughout his Complaint". These are the IRS employees whose names and/or signatures appear on the Exhibits sent to the Plaintiff perpetrating the alleged Fraud and/or Extortion). The Plaintiff believes, at this time, that these employees are only following procedure; that they do not know what they are doing. That does not make the Fraud and Extortion less real, just their individual culpability.

---

[4] Per 26 USC 7701 (14) - The term "taxpayer" means any person subject to any internal revenue tax.

[5] "Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960)

[6] "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

e. The Plaintiff asserts that the Fraud[7] is contained in the manner of misinformation or withheld information relating to the true meaning and authority/jurisdiction of the "income tax".

f. IRS' Footnote 4, paragraph 2 claims that "Congress has provided a wide range of remedies for improperly collected taxes …". The Plaintiff alleges Abuse of Power by the IRS. The IRS' remedies are reasonably expected to also contain Abuse of Power and therefore offer no remedy. The argument that this proceeding would "be likely to interfere with the effective administration of federal taxes" as a reason to dismiss must be rejected on the basis that protection of the Abuse would constitute Deprivation of the Plaintiff's Rights[8].

---

[7] Per 18 USC 1001 (a) "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; …"

[8] Per 18 USC 242 – "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States …"

g. "Negligent tax assessment and collection activities", supported by legal enforcement procedures, forces the Plaintiff, a Sovereign Citizen (fully protected by the U.S. Constitution) into defending his "Unalienable Rights", which are now alienated unless he can afford to fight for his Rights. Instead of Constitutional protection of "Unalienable Rights", this destroys the concept upon which America was built, Freedom for All, not Freedom if you can afford it.[9] This concept does not provide equal distribution of law, but legal remedies only for the affluent.

h. The Plaintiff did not assert "that the Sixteenth Amendment does not allow for the taxation of an individual's wages or income". The Plaintiff asserts that the 16th Amendment ensures "income taxes" are always indirect taxes[10], more specifically excise taxes[11], and are synonymous with privileged activity taxes[12].

---

[9] "The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality no law, [FN27] but is wholly void, [FN28] and ineffective for any purpose. [FN29] Since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, [FN30] an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed [FN31] and never existed, [FN32] that is, it is void ab initio. [FN33] Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. [FN34]" 16A Am Jur 2d 203

[10] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged..." Stanton v. Baltic Mining Co., 240 U.S. 103 (1916).

[11] "Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

[12] "The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

i.  The IRS never distinguishes anywhere in any forms or tax codes the "privileged activity" income from Rightful Income. The Plaintiff's Right to Labor is not a privileged activity, and is not subject to an excise tax.[13]

j.  The IRS misquotes the U.S. Supreme Court 240 U.S. 1. Stating "for more than 90 years, that the sixteenth Amendment authorizes a direct nonapportioned tax upon United States' citizens" is incorrect. The U.S. Supreme Court has stated the exact opposite in 240 U.S. 1 (1916):

> "We are of opinion, however, that the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of this erroneous assumption will be made clear ..."

> "But it clearly results that the proposition and the contentions under it, if acceded to, would cause one provision of the Constitution to destroy another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into irreconcilable conflict with the general requirement that all direct taxes be apportioned."

---

[13] "Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960)

"In fact, the two great subdivisions embracing the complete and perfect

delegation of the power to tax and the two correlated limitations as to such

power were thus aptly stated by Mr. Chief Justice Fuller in Pollock v.

Farmers' Loan & T. Co. 157 U. S. supra, at page 557: 'In the matter of

taxation, the Constitution recognizes the two great classes of direct and

indirect taxes, and lays down two rules by which their imposition must be

governed, namely: The rule of apportionment as to direct taxes, and the rule

of uniformity as to duties, imposts, and excises.' "

The IRS has been fraudulently representing its income taxation powers for 88 years.

The mere existence of a wrong does not justify its continuance.[14] The IRS states

"Exercising this power, Congress enacted the Internal Revenue Code, and defined

gross income. Herein lies the Fraud. Gross income cannot include income from a

Sovereign Citizen's Right to Labor, as the Fruits thereof are also his Rightful

property.[15]

---

[14] Per 16A Am Jur § 183 - "Moreover, the fact that a statute has been construed and applied for a considerable period of time does not necessarily render it free from constitutional attack, and acquiescence over a period of many years will not render an unconstitutional statute valid."

[15] "Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960)

k. "Income taxes" are a tax on a privileged activity. It is not a direct, non-apportioned tax on income[16]. The IRS has failed to define a privileged activity the Plaintiff engaged in, which would be the subject of a legal tax; instead they introduce a color-of-law tax referenced in the Exhibits attached to the original Complaint. The IRS is continuing to fraudulently represent "income tax" as a direct non-apportioned tax upon the Plaintiff's income, directly violating the U.S. Constitution and the Court Citations contained herein.

2. The remainder of the IRS' Argument section A is devoted to numerous irrelevant court cases and tax codes which speak to the measure of a tax (possibly income tax) which may or may not actually apply to the individuals involved with those cases, since those circumstances may be different from the Plaintiff's. Many of the Cases cited involve privileged activity entities, which most certainly have different circumstances than the Plaintiff.[17]

---

[16] "One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924).

[17] "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

The Plaintiff disputes the IRS' Motion to Dismiss for the following errors/misstatements in the IRS' Argument, section B.

1.  The IRS claims the Plaintiff has not established a waiver of the United States' sovereign immunity. The Plaintiff asserts that his Sovereign Unalienable Rights outweigh the governments rights, as the government's sole function is the protection of its citizenry. Whenever it wrongs a Citizen, it cannot be immune[18]. "Settled principles" cannot outweigh Sovereign Rights. "Consent to be sued" is another blockage of the Plaintiff's Right to "Due Process". As already stated, the Plaintiff is not afforded any other remedy than a lawsuit to recover his stolen property. If this be valid, then the only alternative is a Grand Jury Hearing for Criminal charges against the Executive Branch of Government. The burden of proof lies with the government, not with the Plaintiff.[19] Whenever laws fail to uphold Unalienable Rights, Morality and Reason must prevail[20].

---

[18] Per Declaration of Independence – "**That to secure these Rights,** Governments are instituted among Men, deriving their just Powers from the Consent of the Governed, that whenever any Form of Government becomes destructive of these Ends, **it is the Right of the People to alter** or to abolish it, and to institute new Government"

[19] "Observation: The principle that one challenging the constitutionality of legislation bears the burden of proving its unconstitutionality does not apply to statutes or ordinances restricting speech and other fundamental rights, inasmuch as the burden of proof in such cases rests with those who have imposed the restrictions." (16A Am Jur 2d §198).

[20] "Besides, the Spanish law is not only contrary to ours, but is inconsistent with the law of nature, …" 23 U.S. 66 (1825)

2.  The Plaintiff has alleged fraudulent administration of taxing authority/ jurisdiction, Extortion, Abuse of Power, and Deprivation of Rights. Unconstitutionally administered tax assessment is Fraud. Fraudulently administered tax collection is theft. Fraudulently collected tax is not tax; it is stolen property. Fraudulently applied penalties and interest are Extortion. Fraudulently based liens and levies are Extortion and Abuse of Power. All are crimes, including Dereliction of Duty, and Deprivation of Rights under color-of-law. The Tax Injunction Act and 28 USC 1341 cannot be legally applicable under fraudulent circumstances (when there is no authority / jurisdiction to tax the Plaintiff's Right to Labor) (16A Am Jur 2d §180 - §184).

3.  The IRS' Motion to Dismiss is based on the IRS exercising legal taxation upon Plaintiff. The Plaintiff has supplied Federal Supreme and District Court Citations (on point, in context, and verbatim), directly refuting The IRS' authority / jurisdiction upon him. The IRS has yet to justify their authority / jurisdiction relating to Plaintiff's Right to Labor, his only source of income. The only authority cited is an unconstitutional direct non-apportioned tax.

The original Complaint, page 9, referenced Exhibit 1, the Plaintiff's signed, witnessed (2), and notarized Affidavit, which was sent certified mail to 22 agencies / officials (7 Federal, 8 Massachusetts, and 7 Connecticut) with return receipts. The demand for disclosure of jurisdiction/authority made on page 19 of Exhibit 1 has never been answered.

The Plaintiff challenges the IRS' Court Cites as they are not on point, in context, and verbatim. These cases involve corporate entities, which most definitely are "Taxpayers". "Taxpayers" (2nd class citizens born out of government) owe their existence to government, through existence alone engage in "privileged activities", and are subject to "income tax". The Plaintiff is a Natural born Sovereign Citizen and is not, by simply existing, engaged in any privileged activity. The Plaintiff, to the best of his knowledge, has not engaged in a privileged activity, and therefore cannot be a "Taxpayer" and cannot be subject to the excise (privileged activity) "income tax" (reference the Court Cites below).

The Plaintiff cannot be a "Taxpayer" unless, and only while, he engages in "privileged activities". The Plaintiff must knowingly be engaging in privileged activities, because, by definition, those activities must be avoidable. Privileged activities cannot be avoidable if the governing body defining those activities refuses to divulge what those activities are. The IRS has not identified a privileged activity in which the Plaintiff participated, which would warrant the targeting of the Plaintiff's income for the measurement of any tax.

The Plaintiff's wages are utilized to calculate "income tax" as shown on the US Exhibits. The Plaintiff's wages are his Rightful property as stipulated by the Court Cites below. All IRS documents sent to the Plaintiff fail to segregate "privileged activity" income from Rightful income. The IRS documents do not contain, or seek to obtain, the crucial information vital to making a legal assessment. The crucial information, which first must be determined, is the authority / jurisdiction (applicability) of an excise tax on the happening of an event in which the Plaintiff would have engaged to define him as a "Taxpayer", not the computation of an irrelevant amount of tax measured by income not subject to privileged activity tax. The Plaintiff through certified mail, sent documents to the IRS seeking their authority / jurisdiction in April 2000, for "tax year 1999" and they remain unanswered.

The IRS has the Plaintiff's employer's wage reporting information. The IRS needs no information from the Plaintiff to determine that the Plaintiff has only engaged in his Right to Labor for existence; his employment wages are his Rightful property, and cannot be taxed in the manner attempted by the IRS without violating the U. S. Constitution taxing restrictions or directly contradicting the Court Cites below.

The Plaintiff's original Complaint (pages 12 through 15) contains the following U.S. Supreme and Federal Court citations (on point, in context, and verbatim) and are his basis for determining his non-taxpayer status; they directly refute the IRS' fraudulent application of taxing authority / jurisdiction upon him; and justify including the IRS in his Complaint.

1.  There are only 2 classes of taxes, direct and indirect.

"In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises." Brushaber v. Union Pac. R. R. Co., 240 U.S. 1, 13, 36 S. Ct. 236, 60 L. Ed. 493 (1916)

2. As a result of the 16th Amendment, the Income Tax is definitely an indirect tax.

"The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged…" Stanton v. Baltic Mining Co., 240 U.S. 103 (1916)

"One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924)

"Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

This "effect of the 16[th] Amendment was also expounded upon by respected law encyclopedias of that era. See, e.g., Ruling Case Law, Volume 26, Taxation, Section 119, at page 146 (1929); Corpus Juris, Volume 33, Internal Revenu, Section 46, note 37(c), page 295 (1924).

3. Thus being classified as indirect, the income tax is an excise tax.

"The tax is, of course, an excise tax, as are all taxes on income, but it is not rendered void on that account" White Packing Company v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

"The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

"Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in Stanton, and Flint discusses the scope of the term 'excise tax'" United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992).

"Therefore it can be clearly determined from the decisions of the United States Supreme Court that the income tax is an indirect tax, in the nature of an excise tax." American Law Division of the Congressional Research Service, Library of Congress, Report No. 80-19A (1980)

4.  Indirect taxes (which include excises) cannot be laid upon property.

    Flint v. Stone Tracy co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911)

    "A tax laid upon the happening of an event, as distinguished from its tangible fruits, is an
    indirect tax" Tyler v. United States, 281 U.S. 497, 502, 50 S.Ct. 356, 74 L.Ed. 991 (1930)

5.  An Individual's own labor is his property.

    "The property which every man has is his own labor, as it is the original foundation of all other
    property" Butchers' Union Co. v. Cresent City Co., 111 U.S. 746, 757, 4 S.Ct. 652, 28 L.Ed. 585
    (1884)

6.  The income from an Individual's own labor is also his property.

    "Included in the right of personal liberty and the right of private property –partaking of the
    nature of each—is the right to make contracts for the acquisition of property. Chief among such
    contracts is that of personal employment, by which labor and other services are exchanged for
    money or other forms of property." Coppage v. Kansas, 236 U.S. 1, 14, 35 S.Ct. 240, 59 L.Ed.
    441 (1915)

7.  An excise tax is a privilege tax.

    "The terms excise tax and privilege tax are synonymous." American Airways v. Wallace, 57
    F.2d 877, 880 (D.C. Tenn. 1932), aff'd 287 U.S. 565, 53 S.Ct. 15, 77 L.Ed. 498 (1932)

"The terms 'excise tax', 'license tax', and 'privilege tax' are synonymous and are used
interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of
persons, whereas a 'direct tax' is one which is imposed upon persons themselves or upon
property owned by them." Roberts v. City of Baton rouge, 108 So.2d 111, 236 La. 521 (1958),
r'hg denied.

8. Privilege tax (excise) is unlawful upon the right to exist (one's own labor).

"[E]very man has a natural right to the fruits of his own labour" In re Antelope, 23 U.S. 66, 120,
6 L.Ed. 268 (1825)

"Since the right to receive income or earnings is a right belonging to every [natural] person, this
right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456
(Tenn. 1960)

"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The
corporation is an artificial entity which owes its existence and charter powers to the state; but the
individual's rights to live and own property are natural rights for the enjoyment of which an
excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted),
cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

16A Am Jur § 169 – "Not all legislation is entitled to a presumption of validity. It has been held in some jurisdictions, for instance, that when a statute proposes to deny, modify, or diminish a right or immunity secured to the people by a clear and explicit constitutional provision, the presumption in favor of the constitutionality of statutes no longer applies; instead, a contrary presumption arises against the validity of such statute."

16A Am Jur § 174 – "A court cannot make unconstitutional provisions constitutional by forced constructions, or by regarding form rather than substance; **a statute is constitutional or unconstitutional by reason of its scope and purpose and effect, and it is tested by a realistic consideration of the subject which it encompasses, the purpose which it seeks to serve, and the effect it will have when put in operation.** If there is no way of harmonizing a statute with the constitution, the statute must fall."

The Plaintiff's allegations against the IRS are not about the IRS' legal taxing power, which may very well have authority / jurisdiction over entities / persons involved with privileged activities. The Plaintiff is not claiming that the "income tax" is illegal or unconstitutional, but that the IRS has fraudulently applied this authority / jurisdiction beyond the above Court cited limits. The Plaintiff's allegations against the IRS are Fraud and Extortion to take Plaintiff's Rightful property by force through Abuse of federally limited Power.

The IRS' use of the Plaintiff's Rightful income (wages) as a measure of an excise tax contradicts the Court Cites above, and fraudulently converts the Sovereign Plaintiff into a 2nd class "Taxpayer", stripping him of his "Unalienable Rights", and fraudulently applies an inapplicable tax upon the Plaintiff's Right to Labor (source of wages). This is the primary element of the Fraud charged against the Defendants in this Case, as detailed in the 44-page Complaint. All other documents sent by the IRS perpetuate Fraud and Extortion, and introduce Conspiracy as well.

The IRS appears to propose an unlawful assessment of a non-apportioned direct tax on the Plaintiff's Rightful property (wages) or on the Plaintiff himself (his Right to exist). As direct taxes must be apportioned, the IRS' alleged tax must be indirect.

As indirect, it falls under duties, imposts, and excises. The proposed alleged tax must therefore be an excise tax (privileged activity tax), and only the income from the privileged activity would be taxable, but there is no privileged, avoidable subject matter, which the Plaintiff could have engaged in, to tax. As an indirect tax assessment, it fraudulently converts the Plaintiff's Right to Labor into a privileged activity. The income the IRS has targeted for taxation or used as a measure of tax is the Fruits of the Plaintiff's Right to Labor in a legal profession of his choosing. It is his Rightful property and would have to be directly taxed through apportionment. The IRS has not produced the authority / jurisdiction for the alleged color-of-law tax on the Plaintiff's property. The amount of tax (assessment) is irrelevant.

The IRS has never informed the Plaintiff of a legal basis of their taxing authority / jurisdiction. The withholding of this crucial information from the Plaintiff is part of the alleged fraud.

The Plaintiff can only reasonably conclude that the "information" the IRS obtained is the Plaintiff's wage statements sent by his employers, as this is the only reference shown in the IRS' documents. According to the Federal Court Citations already referenced, the IRS should already know (the law) that the Plaintiff's wages are the Rightful Fruits of his Rightful Labor, that these wages are his Rightful property, and that "his Rights to live and own property are natural Rights for the enjoyment of which an excise cannot be imposed"[21]. The above Federal Court Citations clearly state that "income taxes" are excise (privilege) taxes, that they are imposed upon the acts of persons and that they are avoidable. The Plaintiff has only been engaged in the act of existing. The Plaintiff has not participated in a privileged activity, and therefore has no privileged income from which an excise tax could be assessed.

"The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose. Since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed and never existed, that is, it is void ab initio. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted." 16A Am Jur 2d 203

---

[21] "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

The Plaintiff is not seeking recovery of internal revenue tax, but recovery of property stolen through Fraud under 18 USC 1001 and 1341, Extortion under 18 USC 872, Involuntary Servitude under 18 USC 1584, Forced Labor under 18 USC 1589, and Deprivation of Rights under 18 USC 242. The IRS scheme contains what appears to be fraudulent representation of taxing authority / jurisdiction per the U.S. Constitution and U.S. Supreme and Federal Court Citations referenced above. The IRS' use of Plaintiff's wages to compute an assessment has unconstitutionally asserted authority / jurisdiction over the Plaintiff's Right to Labor and his Right to the Fruits thereof. The Plaintiff alleges the IRS has no legal basis for their acts against the Plaintiff, and has violated Constitutionally restricted taxing authority. As such, Federal jurisdiction is required.

Referencing the above Supreme and Federal Court cites and 16A Am Jur 2d 151:

" The United States has standing to challenge state laws or rules that contradict or contravene federal laws or practices."

The IRS has sent these allegedly fraudulent documents through the Postal System to the Plaintiff's home, invoking 18 USC 3237.

As specified in the original Complaint and all other documents submitted, the Plaintiff is seeking a Due Process, fair trial under the Federal Judicial Branch of Government because the offenses include Abuse of Constitutionally limited Power in the Executive Branch. The allegedly fraudulent IRS documents provided no legal recourse, as they were contaminated from the moment of their inception and carry no legal authority.

The Plaintiff reasonably concluded that the allegedly fraudulent authority / jurisdiction to tax the Plaintiff, contained therein, may not have been the only fraudulent aspect of the documents. The Plaintiff has no expectation of unbiased, "separation of powers"[22], "Due Process" remedy through the Administrative Tax Court under the Executive Branch when the Executive Branch is responsible for the alleged Fraud and Extortion.

> "The protection of constitutional rights is a core function of the judiciary." 16A Am Jur 2d §260

The Plaintiff asserts that the IRS has blended their authority over 2nd class subject Citizens with the limited authority over Sovereign Citizens.[23] 26 USC code, while legal for corporate entities and persons engaged in privileged activities, disregards the Constitutional Rights of Sovereign Citizens engaged only in their Right to exist. Since there can be no legal way to assess and collect taxes on a Sovereign Citizen's Right to Labor, the only other way is through fraudulently represented authority. There is no legal way for the IRS to prevail.

---

[22] "As a part of the executive branch of government, an administrative tribunal is not a court; it is not a part of the judicial branch of government, for purposes of the separation of powers doctrine. [FN7] And as a general rule, administrative agencies have no general judicial powers. [FN8] Thus, an administrative agency does not have the power, without statutory authority, to overrule or ignore a judicial precedent. [FN9] Moreover, the general rule is that an administrative agency may not determine constitutional issues, and is not authorized to consider or question the constitutionality of a legislative act or to declare unconstitutional statutes which it was created to administer and enforce. [FN10]" 16A Am Jur 2d §257

[23] Per 26 USC 7701 (1) Person - **The term "person" shall be construed to mean and include an individual**, a trust, estate, partnership, association, **company or corporation**.

The Plaintiff has filed a Complaint in Federal District Court seeking an impartial Trial by Jury from the Federal Judicial Branch of Government because of Abuse of Constitutionally limited Power by the Internal Revenue Department in the Federal Executive Branch, as well as the same departments of the Massachusetts and Connecticut Governments. The Plaintiff submits that the IRS documents showing the pattern of fraudulent abuse of authority / jurisdiction and the same omission of crucial information must be presented before an impartial Jury.

The Plaintiff asserts that the level of detail being argued here should be under unbiased Jury scrutiny. The assertion of Fraud upon the Plaintiff is not just a legal question, but is a misrepresentation scheme that a legally untrained person is most likely to become subjected; and something only a Jury is qualified to judge.

The Plaintiff respectfully requests that this Case be continued against the IRS, asserts that the Springfield Federal District Court most definitely has subject matter jurisdiction, and respectfully requests that the IRS be directed to answer the authority / jurisdiction contradiction and the Complaint.

David P. Fontaine – Plaintiff Pro Se

Jun 17, 2004

Date

Under Threat, Duress, and/or Coercion

68 Van Horn St.
West Springfield, MA 01089
413-739-0152

CERTIFICATE OF SERVICE

I, David P. Fontaine, Plaintiff (Pro Se), 68 Van Horn St., West Springfield, MA 01089, do hereby certify that on Jun 17, 2004, a true copy of the above document was served by first class mailing, postage prepaid, upon:

Lydia D. Bottome
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044.

Michael J. Sullivan
United States Attorney
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.

Heather J. Wilson
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm St.
Hartford, CT 06141

William J. Prensky
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm St.
Hartford, CT 06141

William P. O'Neil
Office of the Attorney General
Commonwealth of Massachusetts
Western Massachusetts Division
1350 Main St.
Springfield, MA 01103

David P. Fontaine – Plaintiff Pro Se
68 Van Horn St.
West Springfield, MA 01089
413-739-0152