UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID P. FONTAINE,<br>               Plaintiff<br><br>          v.<br><br><br>UNITED STATES GOVERNMENT;<br>U.S. INTERNAL REVENUE SERVICE;<br>IRS OFFICE OF THE COMMISSIONER;<br>IRS EMPLOYEES: SHEILA O'BRIEN,<br>LYNN WALSH, JANE B. FINNEGAN,<br>LARRY LEDER AND DENNIS<br>PARIZEK; CONNECTICUT STATE<br>GOVERNMENT, CT DEPT. OF<br>REVENUE SERVICE (CDORS);<br>CDORS OFFICE OF THE<br>COMMISSIONER; GOVERNOR JOHN<br>ROLAND; COMMISSIONER GENE<br>GAVIN; MASSACHUSETTS STATE<br>GOVERNMENT; MASS. DEPARTMENT<br>OF REVENUE (MDOR); and MDOR<br>OFFICE OF THE COMMISSIONER,<br>               Defendants | Civil Action No. 04-30080-MAP |

<u>REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTIONS TO DISMISS (Document Nos. 19, 23 and 26)</u>
July 22, 2004

NEIMAN, U.S.M.J.

      David P. Fontaine ("Plaintiff"), a Massachusetts resident proceeding pro se, brings this civil action against three sets of Defendants: (1) the United States Government, the Internal Revenue Service ("IRS"), the IRS Office of the Commissioner and several IRS employees (collectively the "U.S. Defendants"); (2) the Connecticut State Government, the Connecticut Department of Revenue Services ("CDORS"), the CDORS' Office of the Commissioner, former Governor John Rowland and Commissioner Gene Gavin

(collectively the "Connecticut Defendants"); and (3) the Massachusetts State Government, the Massachusetts Department of Revenue ("MDOR") and the Office of the Commissioner (collectively the "Massachusetts Defendants").  All three sets of defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).  The motions have been referred to this court for a report and recommendation.  *See* 28 U.S.C. § 636(b).  For the reasons indicated below, the court will recommend that each motion to dismiss be allowed.

### I. STANDARD OF REVIEW

Rule 12(b)(1) empowers a party to seek dismissal of an action for "lack of jurisdiction over the subject matter" and Rule 12(b)(6) allows a complaint to be dismissed for "fail[ing] to state a claim upon which relief can be granted."  Both rules require the court to construe the complaint's allegations in favor of the plaintiff, the non-moving party.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994).

### II. BACKGROUND

According to the complaint, this action involves the assessment upon and attempt to collect state and federal income taxes from Plaintiff for the year 2000.  Plaintiff requests an immediate injunction reversing levy and lien actions taken to date and prohibiting any further action by Defendants until he has had an opportunity to raise his contentions in court.  In addition, Plaintiff seeks $5,856,121 in compensatory damages for "enslavement," lost time, his family's loss of life's enjoyment, and violations of his constitutional rights, all of which he considers stolen property.  Furthermore, Plaintiff wishes to be granted

$2,000,000 in what appears to be punitive damages.

As purported causes of action, Plaintiff seeks return of his property pursuant to a number of criminal statues, namely, 18 U.S.C. §§ 1001 and 1341 (fraud), § 1589 (forced labor), § 872 (extortion), § 1584 (involuntary servitude), and § 242 (deprivation of rights). Each claim is rooted in Plaintiff's belief that he is a "sovereign individual" who has not purposely engaged in "privileged" activities subject to income tax and, therefore, that Defendants' designating him as a "taxpayer" is unlawful.[1]

### III. DISCUSSION

A fundamental problem with Plaintiff's complaint is that, as a private citizen, he has not demonstrated how he has standing to enforce the alleged violations of the criminal code. *See Miller v. Mallery*, 410 F. Supp. 1283, 1287 (D. Or. 1976). *See also Doe v. Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990) (noting that the interest in criminal prosecution belongs to the community at large); *Feeley v. United States*, 16 F.3d 401, 1993 WL 557109, at *1 (1st Cir. 1993) (unpublished) (upholding dismissal of pro se complaint and noting that the plaintiff "has no constitutional right to have certain prosecutions undertaken at his behest") (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). In addition, each set of defendants raises other concerns which the court will now address.

---

[1] Specifically, Plaintiff claims that Defendants' so-called "income tax" is instead "an indirect, excise (privilege) tax on the happening of an event, a taxable activity, . . . the measure of tax being derived from the income that the privileged activity produces." (Complaint at 16.) According to Plaintiff: "The right to labor is a person's fundamental property, and the fruit of his labor, his income, is also his property. It cannot be taxed as a privilege." (*Id.*)

A. <u>Massachusetts Defendants' Motion to Dismiss</u>

Plaintiff's complaint initially contained no specific allegations targeting the Massachusetts Defendants. Accordingly, on May 20, 2004, District Judge Michael A. Ponsor, noting that "all claims against these Defendants are, at present, hypothetical," allowed their motion to dismiss. At about the same time, however, Plaintiff submitted an "Addendum" to the complaint in which he purported to proffer more concrete allegations against the Massachusetts Defendants. As a result, the Massachusetts Defendants have again moved to dismiss the complaint treating the Addendum as a new complaint against them.

Plaintiff's apparent assumption that he could automatically amend his complaint after the Massachusetts Defendants filed their motion to dismiss is incorrect. Pursuant to FED R. CIV. P. 15(a), a complaint may be amended only under two circumstances, first, "as a matter of course at any time before a responsive pleading is served," and second, "by leave of court or by written consent of the adverse party." Neither circumstance applies here.

Nonetheless, the rule provides that "leave shall be freely given when justice so requires." Moreover, a court must take special care when viewing a pro se litigant's submissions which, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). With that in mind, the court will follow the lead of the Massachusetts Defendants and address Plaintiff's complaint as though it were properly amended.

The court believes that the Massachusetts Defendants' motion, asserting a lack of subject matter jurisdiction, should be granted based on the Tax Injunction Act of 1937 ("the Act"), 28 U.S.C. § 1341. The Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." This requirement is satisfied if the state provides its taxpayers with a "full hearing and judicial determination" at which he or she may raise any and all constitutional objections to the tax." *Rosewell v. La Salle Nat'l Bank,* 450 U.S. 503, 514 (1981). Because Plaintiff is seeking injunctive relief in connection with unpaid taxes, his case clearly falls within the prohibition of the Act and the court may consider Plaintiff's case only if he proves that Massachusetts courts fail to provide a "plain, speedy and efficient remedy." 28 U.S.C. § 1341.

There is no question that Massachusetts provides taxpayers with "plain, speedy and efficient" remedies. In fact, the paperwork sent to Plaintiff, which he himself attached to his Addendum, demonstrates various avenues for addressing his concerns, including the right to request a conference to dispute the proposed tax assessment, the right to request a settlement consideration, and the right to file an a application for an abatement as an amended return. Instead of exercising any one of these options, Plaintiff chose to file a complaint in this court.

To be sure, Plaintiff justifies this action by claiming that the Act does "not extend taxing authority contrary to the limits of the U.S. Constitution." (Document No. 25 at 2.) But this argument is patently erroneous. The Act operates as "a broad jurisdictional barrier, and bars even claims that the state tax is illegal or unconstitutional." *Kistner v. Milliken,*

5

432 F. Supp. 1001, 1004 (E.D. Mich. 1977). Accordingly, the court will recommend that the Massachusetts Defendants' motion to dismiss be allowed.

B. Connecticut Defendants' Motion to Dismiss

The Connecticut Defendants' motion to dismiss is grounded in the Act as well. Like the Massachusetts Defendants, the Connecticut Defendants argue that Connecticut provides a "plain, speedy and efficient remedy." Again, the court agrees. For example, Conn. Gen. Stat. § 12-729a(c) gives taxpayers the option of filing a written protest for consideration at an oral hearing, or filing a bond either of a surety company authorized to do business in Connecticut or other acceptable security, and obtaining a stay of collection in whole or part. In addition, Conn. Gen. Stat. § 12-730 provides that any aggrieved taxpayer may "within one month after notice of determination, take an appeal to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the commissioner to appear before said court." As the Connecticut Defendants point out, a state remedy is not inadequate simply because a taxpayer fails to follow the state law provisions for challenging tax imposition. *See Finizie v. City of Bridgeport*, 880 F. Supp. 89, 93-95 (D. Conn. 1995).

Moreover, Plaintiff has not demonstrated that the Connecticut Defendants' Eleventh Amendment immunity -- which protects them from money damages -- has been waived. According to the Supreme Court, Eleventh Amendment immunity may be considered waived "only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S.

147, 150 (1981) (citations and internal quotation marks omitted). Here, Plaintiff provides no such evidence. The same is true of the Massachusetts Defendants.[2] His unsupported assertion that the Eleventh Amendment "is not a shelter for Abuse of Power or Crimes against Sovereign Citizens" is unavailing. Accordingly, the court will recommend that the Connecticut Defendants' motion to dismiss be allowed.

C.  U.S. Defendants' Motion to Dismiss

At the outset of their motion, the U.S. Defendants argue that the complaint fails to state a claim upon which relief may be granted insofar as it is based on Plaintiff's faulty claim that he is not a "taxpayer," but rather a "sovereign citizen." Charging that the U.S. Defendants fraudulently altered his sovereign status, Plaintiff believes that he is not required to pay income tax because he is "a sovereign citizen, not a corporate entity, engaged in no taxable activity, to the best of his knowledge."

Plaintiff's argument is ludicrous. He is a resident of both Massachusetts and the United States, and the Internal Revenue Code clearly gives the United States Government the authority to tax individuals such as him. *See* 26 U.S.C. § 1 *et seq.* Accordingly, the U.S. Defendants' motion to dismiss could be allowed on this basis alone.

In addition, Plaintiff's belief that the Sixteenth Amendment prohibits his wages from being subject to income taxation is off-base. The Sixteenth Amendment states that "the

---

[2] Although, on its face, the Eleventh Amendment bars only suits brought against a state by citizens of other states and foreign countries, the Supreme Court has interpreted the Eleventh Amendment as prohibiting money damages suits against states by their own citizens as well. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627 (1999).

Congress shall have the power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to census or enumeration." The plain language of this provision -- and the undisputed fact that Plaintiff has received wages -- demonstrates the frivolousness of Plaintiff's position. As the U.S. Defendants suggest, Plaintiff wants the best of all worlds, the benefits of United States citizenry without commensurate obligations.[3]

Finally, Plaintiff has failed to establish that the U.S. Defendants have either consented to suit or relinquished their sovereign immunity. As the Supreme Court has explained, "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of the consent to be sued in any court define that court's jurisdiction to entertain that suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990). Absent a waiver of immunity through consents established by Congress, *see Lehman v. Nakshian,* 453 U.S. 156, 160 (1981), and none has been provided here, there would be no subject matter jurisdiction for Plaintiff's claims.

In the end, Plaintiff's response to the U.S. Defendants' motion reflects a deep-seated misunderstanding not only of the governing law, but of the Declaration of Independence as well which he invokes completely out of context. Accordingly, the U.S.

---

[3] Granted, Plaintiff contends that the U.S. Defendants have no right to collect income taxes from him based on the principle that "the individual, unlike the corporation, cannot be taxed for the mere privilege of existing . . . . The individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." *Redfield v. Fisher*, 292 P. 813, 819 (Ore. 1930). Unfortunately for his cause, Plaintiff incorrectly interprets the right to exist to include the right to the fruits of his own labor without any taxation. Moreover, the cases upon which Plaintiff relies do not logically support his argument.

Defendants' motion to dismiss should be allowed.

IV. CONCLUSION

For the reasons stated, the court recommends that all three motions to dismiss be ALLOWED.[4]

DATED: July 22, 2004

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[4] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.