## UNITED STATES FEDERAL DISTRICT COURT
## SPRINGFIELD, MASSACHUSETTS

**Plaintiff:**

David P. Fontaine (Pro Se Litigant)

68 Van Horn Street

West Springfield, Massachusetts 01089

**vs.**                                          **Civil Action No.**

**04-30080-MAP**

**Defendants:**

United States (U.S.) Government;

U.S. Internal Revenue Service (IRS) and the IRS Office of the Commissioner;

IRS employees – Sheila O'Brien, Lynn Walsh, Jane B. Finnegan, Larry Leder, and Dennis Parizek

Connecticut State (Conn.) Government

Conn. Dept. of Revenue Services (CDORS) and the CDORS Office of the Commissioner

Governor John Rowland and Commissioner Gene Gavin

Massachusetts State (Mass.) Government

Mass. Departments of Revenue (MDOR) and the MDOR Office of the Commissioner

## OBJECTION TO JUDGE PONSOR'S PREMATURE DISMISSAL AND MAGISTRATE

## JUDGE NEIMAN'S REPORT AND RECOMMENDATION (BASED ON FRAUD)

## NOTICE TO COURT OF DEFENDANTS' ESCALATING FRAUD AND EXTORTION

The Plaintiff received a Memorandum and Order dated September 21, 2005, issued by Judge Ponsor, (hereinafter referenced Judge Ponsor's Memorandum), dismissing this Case based on Magistrate Judge Neiman's Report and Recommendation, filed and entered on 07/22/2004 (hereinafter referenced as Magistrate Judge Neiman's Report). Even after specific request from the Plaintiff, the Court has still not provided a copy of Magistrate Judge Neiman's Report to the Plaintiff. There was never an authorization filed for a Magistrate Judge to participate.

The Plaintiff, after recently hunting down a copy of Magistrate Judge Neiman's Report (despite the Court's oversight and recent refusal to supply it), exercises his Right to file a written objection within (10) days of receipt. The Plaintiff details numerous objections to Magistrate Judge Neiman's Report herein per Rule 3(b) of The Rules for United States Magistrates in the United States District Court for the District of Massachusetts.

The Plaintiff objects to Judge Ponsor's premature dismissal of this Case, Judge Ponsor's Memorandum, and Magistrate Judge Neiman's Report (dismissal basis stipulated in Judge Ponsor's Memorandum), based on the deprivation of the Plaintiff's Right to object to Magistrate Judge Neiman's Report, the fraudulent data in Judge Neiman's Report presented to Judge Ponsor, and the deprivation of the Plaintiff's Right to "Due Process" through prejudice, detailed herein. Judge Ponsor's and Magistrate Judge Neiman's references, conclusions, and subsequent bias arise from the Defendants' fraudulent data, detailed herein.

Please understand that the Plaintiff is 100% American; he firmly believes this Country is the best place on Earth. He supports the Government's need for revenue, however "The end does not justify the means". The "end" can never justify the "means". No matter how vital revenue is to government, **"We, the People"** have "<u>certain</u> <u>Unalienable</u> <u>Rights</u>" (Freedom), which can never be compromised (<u>certain</u> - as the sun rising every morning; <u>Unalienable</u> – cannot be lost through misapplication of law, procedure, misunderstanding, or trick; <u>Rights</u> – Natural-born, not given to us by government, but Constitutionally guaranteed to us and protected by government). The Plaintiff has not knowingly or voluntarily given up any Sovereign Rights.

The Plaintiff continues to be deprived of "Due Process" by the Court's bias in assuming, without legal basis, the Defendants are exercising legal actions. Reference Magistrate Judge Neiman's Report on page 5, "There is no question that Massachusetts provides taxpayers …"; page 6, "…Conn Gen. Stat. Sec 12-729a(c) gives taxpayers …"; and page 7, "… and the Internal Revenue Code clearly gives the United States Government the authority to tax individuals such as him." Judge Ponsor and Magistrate Judge Neiman have falsely decided the Plaintiff is a taxpayer[1] without substantiation, contradicting the Supreme Court Cites contained herein.

---

[1] Per 26 USC 7701 (a)(14), The term **"taxpayer"** means any person <u>subject to</u> any internal revenue tax.

The Plaintiff's challenge is based on the U.S. Supreme and Federal Courts' legal clarification of "income taxation". Magistrate Judge Neiman's Report includes a 90-year standing public deception[2], obscuring the legal meaning of the 16th Amendment[3], which the Defendants fraudulently perpetuate in their documents in this Case file.

Magistrate Judge Neiman's Report on page 8, "The plain language of this provision -- and the undisputed fact that Plaintiff has received wages – demonstrates the frivolousness of Plaintiff's position", actually demonstrates Magistrate Judge Neiman's misconception and the fraudulent basis for the Defendants' false presentments. - "INCOME TAX IS NOT A TAX ON INCOME"[4]. The Supreme Court has clarified this Amendment's legal meaning. Its face value ("plain language") meaning has nothing to do with its legal meaning. The Plaintiff's position is not frivolous, but one legally backed. Magistrate Judge Neiman's position is not legally backed.

---

[2] Per 16A Am Jur § 183 - "Moreover, the fact that a statute has been construed and applied for a considerable period of time does not necessarily render it free from constitutional attack, and acquiescence over a period of many years will not render an unconstitutional statute valid."

[3] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged…" Stanton v. Baltic Mining Co., 240 U.S. 103.

[4] "The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges, which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

"Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in Stanton, and Flint discusses the scope of the term 'excise tax'" United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992).

"Therefore it can be clearly determined from the decisions of the United States Supreme Court that the income tax is an indirect tax, in the nature of an excise tax." American Law Division of the Congressional Research Service, Library of Congress, Report No. 80-19A (1980)

Magistrate Judge Neiman's Report on page 8, "and the undisputed fact that Plaintiff has received wages", is irrelevant to the Defendants' fraudulent application of a "privileged" activity tax[5]. "Receiving wages" is a natural conclusion to the Plaintiff pursuing his "Right to Labor" and shows only his "Right to the Fruits thereof". "Receiving wages" does not define participation in a "Privileged" activity. "Receiving wages" only depicts the Plaintiff's property.

The Plaintiff is an individual who has not knowingly participated in any privileged activities, which would then subject him to an "income tax", and cannot by the Defendants' own definition, be a "taxpayer"[6].

---

[5] "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

[6] Per 26 USC 7701 (14) - The term "taxpayer" means any person subject to any internal revenue tax.

Magistrate Judge Neiman's Report states on page 7, "… the Internal Revenue Code clearly gives the United States Government the authority to tax individuals such as him." Judge Neiman must have forgotten to include the phrase "under specific, Constitutionally limited, legal conditions". When these codes apply is the issue. Where are the exact code references defining specific Privileged activity(ies) which the Plaintiff could have engaged in for the years 1999, 2000, and 2001, which would be the subject of an "income tax", that would then define the Plaintiff as a "taxpayer"? Privileged activities are a restriction of Rightful Activities. Where is the list of Privileged Activities?[7] The absence of defined "privileged" activities ensures that the Plaintiff cannot avoid them. If they exist, they are unavoidable, as the Defendants have ensured their secrecy. There can be no "taxable activity" for the Plaintiff to be assessed a legal tax. The Plaintiff's documented requests for this information date back to April 2000, and the Defendants have still not answered.

Referencing Magistrate Judge Neiman's Report on page 4, "There is no question that Massachusetts provides taxpayers…" shows prejudgment, assumption, and/or bias and completely bypasses the legal matter. Judge Neiman has already tried the Case and labeled the Plaintiff a "taxpayer" without any legal basis. Judge Neiman then goes on to make statements backed by numerous, inapplicable tax laws. By the Defendants' own definition - 26 USC 7701(a)(14), 'the term "taxpayer" means any person subject to any internal revenue tax'. If, and only if a person actually performs activity(s) which come under the jurisdiction of "income taxation", then, and only then does he become a taxpayer, and become "subject to".

---

[7] "Observation: The principle that one challenging the constitutionality of legislation bears the burden of proving its unconstitutionality does not apply to statutes or ordinances restricting speech and other fundamental rights, inasmuch as the burden of proof in such cases rests with those who have imposed the restrictions." (16A Am Jur 2d §198).

Referencing Magistrate Judge Neiman's Report on page 6, "Again, the court agrees. For example, Conn. Gen. Stat. Sec 12-729a(c) gives taxpayers ..." again shows Magistrate Judge Neiman's prejudgment on the same basis as above.

Magistrate Judge Neiman, and Judge Ponsor through reliance on Judge Neiman's Report, have prejudged the Plaintiff to be a "taxpayer" without legal basis. We are not born as "taxpayers", but as Sovereign Citizens with the <u>Unalienable Right</u> to Labor[8] and the <u>Unalienable Right</u> to the "Fruits of our own Labor"[9]. We have the <u>Unalienable Right</u> to pursue any lawful occupation[10]. The "Right to Labor" is our fundamental <u>property</u>[11]. The "Fruits of our own Labor" is also our <u>property</u>[12]. This <u>property</u>, this Right, cannot be taxed as a Privilege[13].

---

[8] "As in our intercourse with our fellow-men certain principles of morality are assumed to exist, without which society would be impossible, so certain inherent rights lie at the foundation of all action, and upon a recognition of them alone can free institutions be maintained. These inherent rights have never been more happily expressed than in the declaration of independence, that new evangel of liberty to the people: 'We hold these truths to be self- evident'--that is, so plain that their truth is recognized upon their mere statement--'that all men are endowed'--not by edicts of emperors, or decrees of parliament, or acts of congress, but 'by their Creator with certain inalienable rights.'--that is, rights which cannot be bartered away, or given away, or taken away, except in punishment of crime--'and that among these are life, liberty, and the pursuit of happiness; and to secure these'--not grant them, but secure them--'governments are instituted among men, deriving their just powers from the consent of the governed.' **Among these inalienable rights, as proclaimed in that great document, is the right of men to pursue their happiness, by which is meant the right to pursue any lawful business or vocation, in any manner not inconsistent with the equal rights of others, which may increase their prosperity or develop their faculties, so as to give to them their highest enjoyment.**" Butchers' Union slaughter-House v. Crescent city livestock landing, 111 U.S. 746, 4 S.Ct. 652 (1884).

[9] "[E]very man has a natural right to the fruits of his own labour" In re Antelope, 23 U.S. 66, 120, 6 L.Ed. 268 (1825).

[10] "The right to follow any of the common occupations of life is an inalienable right, it was formulated as such under the phrase 'pursuit of happiness' in the declaration of independence, ..." Butchers' Union Co. v. Crescent City Co., 111 U.S. 746, 4 S.Ct. 652 (1884).

[11] "The property which every man has is his own labor, as it is the original foundation of all other property" Butchers' Union Co. v. Cresent City Co., 111 U.S. 746, 4 S.Ct. 652, 28 L.Ed. 585 (1884).

"Income tax" is an indirect tax[14], an excise tax[15], synonymous with Privileged activity tax[16]. "Income tax" cannot apply to the Right to Labor or its "Fruits" as they are property[17].

---

[12] "Included in the right of personal liberty and the right of private property –partaking of the nature of each—is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property." Coppage v. Kansas, 236 U.S. 1, 14, 35 S.Ct. 240, 59 L.Ed. 441 (1915).

[13] "Since the right to receive income or earnings is a right belonging to every [natural] person, this right cannot be taxed as a privilege." Jack Cole Company v. MacFarland, 337 S.W. 2d 453, 456 (Tenn. 1960).

[14] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged…" Stanton v. Baltic Mining Co., 240 U.S. 103.

"One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924).

[15] "The tax is, of course, an excise tax, as are all taxes on income, but it is not rendered void on that account" White Packing Company v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

"Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

[16] "The terms excise tax and privilege tax are synonymous." American Airways v. Wallace, 57 F.2d 877, 880 (D.C. Tenn. 1932), aff'd 287 U.S. 565, 53 S.Ct. 15, 77 L.Ed. 498 (1932).

[17] "The terms 'excise tax', 'license tax', and 'privilege tax' are synonymous and are used interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of persons, whereas a 'direct tax' is one which is imposed upon persons themselves or upon property owned by them." Roberts v. City of Baton rouge, 108 So.2d 111, 236 La. 521 (1958), r'hg denied.

The U.S. Constitution defines two, and only two types of taxation, direct and indirect, and further defines in what manner each type must be administered (direct through apportionment, and indirect through uniformity). There are no other legal types of taxes; the 16th Amendment did not add a third type of tax[18].

"Income tax" is a privileged activity tax[19]. The Plaintiff's Right to Labor or the "fruits thereof" are Rights that cannot be taxed as a Privilege[20].

---

[18] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of <u>indirect taxation</u> to which it inherently belonged…" Stanton v. Baltic Mining Co., 240 U.S. 103 (1916).

[19] "The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

[20] "Legislature can name any privilege a taxable privilege and tax it by means other than an income tax, but legislature cannot name something to be a taxable privilege unless it is first a privilege." Const. art. 2, § 28. 206 Tenn. 694, 337 S.W.2d 453 (1960).

Referencing Magistrate Judge Neiman's Report on page 7, "He is a resident of both Massachusetts and the United States, ..." Magistrate Judge Neiman misuses residency. The Plaintiff is a Sovereign Citizen born in the Massachusetts Republic and having no business with the U.S. Government. If the "United States" has land areas where this Plaintiff resides, then the government is abusing its limited power to acquire land[21]. If Judge Neiman uses "United States" to mean a collection of the individual 50 Sovereign States, then his reference to residency is irrelevant, since it has nothing to do with "Privileged" activities and the Plaintiff's argument in this Case.

Referencing Magistrate Judge Neiman's Report on page 7, "Plaintiff's argument is ludicrous." and Magistrate Judge Neiman's Report on the bottom of page 8, "... Plaintiff's response to the U.S. Defendants' motion reflects a deep-seated misunderstanding... "; how can the Plaintiff's argument be "ludicrous" or his "motion reflect a deep-seated misunderstanding", and be 100% backed by Court rulings? Is Magistrate Judge Neiman emotionally biased?

Reference Magistrate Judge Neiman's Report on the bottom of page 8, "In the end, Plaintiff's response to the U.S. Defendants' motion reflects a deep-seated misunderstanding not only of the governing law, but of the Declaration of Independence as well which he invokes completely out of context." The Plaintiff's Supreme and Federal Court Case Cites are in context, on point, and verbatim. Which person, the Judge or the Plaintiff, actually has the misunderstanding? Judge Neiman is responding with misconception, not law.

---

[21] U.S. Const. Art II, Section 8: "The Congress shall have power ... To exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings; ..."

The only logical source for Magistrate Judge Neiman's misconception is the IRS' "Motion to Dismiss" dated Jun 03, 2004 (hereinafter referenced IRS' Motion).

The IRS' Attorney in the IRS' Motion, on page 4 in the Argument section, "The Supreme Court has recognized, for more than 90 years, that the Sixteenth Amendment authorizes a direct nonapportioned tax upon United States' citizens", references 240 US 1 as their basis.

The Plaintiff also submitted this same Case Cite. It (240 US 1) does not support what the Defendants claim, but, in fact, refutes their claim[22]. It (240 US 1) states:

> "We are of opinion, however, that the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of this erroneous assumption will be made clear ..."

> "But it clearly results that the proposition and the contentions under it, if acceded to, would cause one provision of the Constitution to destroy another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into irreconcilable conflict with the general requirement that all direct taxes be apportioned."

---

[22] "In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises." Brushaber v. Union Pac. R. R. Co., 240 U.S. 1, 13, 36 S. Ct. 236, 60 L. Ed. 493 (1916).

"In fact, the two great subdivisions embracing the complete and perfect delegation of the power

to tax and the two correlated limitations as to such power were thus aptly stated by Mr. Chief

Justice Fuller in Pollock v. Farmers' Loan & T. Co. 157 U. S. supra, at page 557: 'In the matter

of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, and

lays down two rules by which their imposition must be governed, namely: The rule of

apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises.' "

This Cite (240 US 1) consumes pages explaining why income tax is an excise tax so as not to conflict

with the U.S. Constitution. It is opposite what the IRS' Lawyer has represented, and opposite what is

contained in Magistrate Judge Neiman's Report.

Contrary to the IRS Attorney's claim, "Income tax" is not a non-apportioned direct tax[23] (which would

definitely conflict with the US Constitution). The Defendants are misconstruing the law and exercising

an illegal taxing power outside the confines established by the US Constitution. The Defendants are

Unconstitutionally applying indirect taxation[24] on the Plaintiff's Property, exceeding and

misrepresenting their taxing authority.

---

[23] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax
from being taken out of the category of indirect taxation to which it inherently belonged..." Stanton v.
Baltic Mining Co., 240 U.S. 103.

[24] "Excises are 'taxes laid upon the manufacture, sale, or consumption of commodities within the
country, upon licenses to pursue certain occupations, and upon corporate privileges.'" Flint v. Stone
Tracy co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911)

The IRS' Motion, on page 4, fraudulently states "Section 1 of the Internal Revenue Code imposes an income tax on every individual". In actuality, 26 USC Sec. 1(a), (b), (c), (d), and (e) all state "There is hereby imposed on the taxable income of ...". These sections do not define the subject of the tax, only the measure of the amount of an undefined "Privileged" activity tax; as the reference is to the income produced[25]. It does not impose a tax on every individual, as the subject of the tax, as that tax would be a direct tax[26] and the individual cannot be taxed for the mere privilege of existing[27]. It references a tax on an activity (because income tax is an indirect tax, an excise tax) but the activity to be taxed is not defined. Without a subject to tax, there is $0.00 of income from that subject from which to calculate an amount, producing $0.00 of tax. Absent the 26 USC code(s) defining the "Privileged" activities being taxed, there are no legally taxable "Privileged" activities. It is an undefined mystery tax (a tax with no subject matter, or else an illegal non-apportioned direct tax on income). It is not a legal tax, and not the definition of a subject to which a legal tax could be applied[27]. What is the target of the tax? Absent an object upon which to legally make an assessment, the Defendants' presentments are fraudulent.

---

[25] "The income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. The income is not the subject of the tax, it is the basis for determining the amount of the tax." Congressional Record, Volume 89, Part 2, page 2580 (78th Congress, First Session, March 27, 1943).

[26] "The terms 'excise tax', 'license tax', and 'privilege tax' are synonymous and are used interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of persons, whereas a 'direct tax' is one which is imposed upon persons themselves or upon property owned by them." Roberts v. City of Baton rouge, 108 So.2d 111, 236 La. 521 (1958), r'hg denied.

[27] 16A Am Jur § 169 – "Not all legislation is entitled to a presumption of validity. It has been held in some jurisdictions, for instance, that when a statute proposes to deny, modify, or diminish a right or immunity secured to the people by a clear and explicit constitutional provision, the presumption in favor of the constitutionality of statutes no longer applies; instead, a contrary presumption arises against the validity of such statute."    16A Am Jur § 174 – "A court cannot make unconstitutional provisions constitutional by forced constructions, or by regarding form rather than substance; a statute is constitutional or unconstitutional by reason of its scope and purpose and effect, and it is tested by a realistic consideration of the subject which it encompasses, the purpose which it seeks to serve, and the effect it will have when put in operation. If there is no way of harmonizing a statute with the constitution, the statute must fall."

The U.S. Attorney, in the IRS' Motion, states that "Income Tax" is a direct non-apportioned tax. The Courts state that "income tax" is not a direct tax[28]. The Defendants have a misconceived notion of their power to execute "income taxation", and misrepresent their Constitutionally limited power. The Defendants use inapplicable and misquoted Court cites as their basis.

---

[28] "The 16th Amendment conferred no new power of taxation but simply prohibited the income tax from being taken out of the category of indirect taxation to which it inherently belonged…" Stanton v. Baltic Mining Co., 240 U.S. 103.

"One adverse criticism upon [Cook's claim] is that it is clearly established that since the adoption of the Sixteenth Amendment, an income tax is never a direct tax. The effect of that change in the Constitution was to take a tax upon income derived from sources which had therefore made it a direct tax, out of that category, and put it in the class of excises, duties, and imposts." Cook v. Tait, Collector of Internal Revenue, 286 Fed. 409, at 412 (D.C. Md. 1923) (citations omitted), aff'd 265 U.S. 47, 44 S. Ct. 444, 68 L. Ed. 895 (1924).

"The tax is, of course, an excise tax, as are all taxes on income, but it is not rendered void on that account" White Packing Company v. Robertson, 89 F.2d 775, 779 (4th Cir. 1937).

"Income taxes are classified as duties, imposts and excises or, in other words, indirect taxes and, therefore, must be uniform." Apache Bend Apts. Ltd., v. United States, 709 F. Supp. 1285, 295 (n.D. Tex. 1988).

Obscure meaning pervades the Defendants' tax code, to the extent that it is difficult to extract consistent, lawfully executable meaning[29]. A "person"[30] is both a living being and an artificial entity (i.e. a corporation). Both do not have Sovereign Rights. Only a corporation automatically engages in "Privileged" activities. A "taxpayer" is any person subject to any internal revenue tax[31]. This is basically a circular reference defining nothing. Without engaging in a "privileged" activity[32], a Sovereign person cannot be subject to a "privileged" activity tax ("income tax"); however, a corporation, by virtue of its birth, automatically engages in "privileged" activities, as it owes its existence to government[33].

---

[29] One cannot be held responsible for violating an unclear legal duty. (United States v Critzer, 498 F.2d 1160 (4th Cir 1974))

[30] Per 26 USC 7701(a)(1), The term **"person"** shall be construed to mean and include an **individual**, a trust, estate, partnership, association, company or corporation.

[31] Per 26 USC 7701 (a)(14), The term **"taxpayer"** means any person <u>subject to</u> any internal revenue tax.

[32] "The thing taxed is not the mere dealing in merchandise, in which the actual transactions may be the same, whether conducted by individuals or corporations, but the tax is laid upon the privileges which exist in conducting business with the advantages which inhere in the corporate capacity of those taxed, and which are not enjoyed by private firms or individuals. These advantages are obvious, and have led to the formation of such companies in nearly all branches of trade. The continuity of the business, without interruption by death or dissolution, the transfer of property interests by the disposition of shares of stock, the advantages of business controlled and managed by corporate directors, the general absence of individual liability, these and other things inhere in the advantages of business thus conducted, which do not exist when the same business is conducted by private individuals or partnerships. It is this distinctive privilege which is the subject of taxation, not the mere buying or selling or handling of goods, which may be the same, whether done by corporations or individuals." Flint v. Stone Tracy co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911)

[33] "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield v. Fisher, 292 P. 813, 819 (Ore. 1930) (citations omitted), cert. Denied, 284 U.S. 617, 52 S. Ct. 6, 76 L.Ed. 526 (1931)

Referencing Judge Ponsor's Memorandum, on page 2, "The court has now considered the arguments presented in essence by the plaintiff in his Motion for Reconsideration, specifically his argument that 'federal and state income taxes are indirect taxes, which apply to privileged activities....' The court finds this argument unconvincing and hereby orders the Motion for Reconsideration DENIED." First, the Plaintiff hasn't yet entered a Motion for Reconsideration. He has entered on the Record corrections to mistakes made by the Government Officials who are sworn to guard his "Rights" (uphold the US Constitution). Second, the above quoted Plaintiff's statement "federal and state income taxes are indirect taxes, which apply to privileged activities...." is not an argument, but one of many factual statements backed by Supreme Court decisions. This is federal law. Third, the remainder of the Plaintiff's Court Cites, which Judge Ponsor and Magistrate Judge Neiman ignored, adds significant value to the stand-alone quote referenced above. This is hardly "unconvincing". This is factual legal standing cited properly, in context, on point, and verbatim.

Magistrate Judge Neiman's Report on page 5, " Because Plaintiff is seeking injunctive relief in connection with unpaid taxes, ...", is inaccurate. This Case is not about a legal tax nor a lawful tax debt, but about fraudulently stolen property, extortion attempts to steal more, and Abuse of Power. If there is no legal basis, there is no legal tax and no "unpaid taxes", only fraudulent presentments. Magistrate Judge Neiman has already prejudged the Case without having any legal basis. The Plaintiff seeks relief for ongoing fraudulent presentments and extortion attempts, which, left unchecked, are creating more loss of Liberty and more loss of property.

Referencing Magistrate Judge Neiman's Report on page 3, "(noting that the interest in criminal prosecution belongs to the community at large)", the Plaintiff is not seeking criminal prosecution. Any criminal prosecution was left for the Court to action (specified in the Plaintiff's Original Complaint). He expects the Court officials, now aware of the Defendants' illegal activities, to perform their sworn duties and initiate appropriate action.

Magistrate Judge Neiman's Report on page 5 falsely references the "Tax Injunction Act of 1937" as prohibiting the district courts from interfering with the State in their activities concerning taxes and their taxpayers. Again, the main point is misconstrued. The Plaintiff has provided factual Case Law stating that there is no activity for which the Defendants have jurisdiction to tax the Plaintiff, therefore there is no tax and no "taxpayer", only a fraudulent presentment. The "Tax Injunction Act of 1937" does not apply[34] to Fraud, Theft, Extortion, or Abuse of Power.

Magistrate Judge Neiman's Report on page 5, "The Act ... even bars claims that the state tax is illegal or unconstitutional", again misses the point. The Plaintiff is not claiming the tax is illegal. The tax is legal. The Defendants ' fraudulent use of the power is not taxation; it is theft of Rightful property, Extortion, and/or Abuse of Power[35]. Again, the "Act" does not apply.[34]

---

[34] "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v Arizona, 384 U.S. 436 p 491 (1966).

[35] 16A Am Jur 2d 151: "The United States has standing to challenge state laws or rules that contradict or contravene federal laws or practices."

The Plaintiff has supplied on point, in context, and verbatim, Supreme and Federal Court Case Law and the Congressional Record, to substantiate his claims. The Plaintiff claims the Defendants' abuse of the tax laws fraudulently deprives the Plaintiff of his Rightful property and seeks to retrieve his Rightful property in Court. The Plaintiff is exercising his Constitutionally protected Right to retrieve property stolen from him by the Defendants, and seeks compensation for "Deprivation of Rights under Color of Law".

There is no remedy in the Defendants' so-called dispute procedures to adequately represent the Plaintiff's Constitutional Rights. The Defendants, and their "Tax Court"[36] are part of, and operated under the Executive Branch of Government. The Plaintiff's Case includes "Abuse of Power" in the Executive Branch, requiring a neutral fact-finder, which can only be secured in the Judicial Branch, where "Separation of Powers" might provide "Due Process" for "Deprivation of Rights Under Color of Law". "Abuse of Power" is outside the jurisdiction of an Administrative Court ("Tax Court") within the Executive Branch.

---

[36] "As a part of the executive branch of government, an administrative tribunal is not a court; it is not a part of the judicial branch of government, for purposes of the separation of powers doctrine. [FN7] And as a general rule, administrative agencies have no general judicial powers. [FN8] Thus, an administrative agency does not have the power, without statutory authority, to overrule or ignore a judicial precedent. [FN9] Moreover, the general rule is that an administrative agency may not determine constitutional issues, and is not authorized to consider or question the constitutionality of a legislative act or to declare unconstitutional statutes which it was created to administer and enforce. [FN10]" 16A Am Jur 2d §257

The Plaintiff's "Unalienable Rights", under attack by the Defendants (2nd Branch of Government), are actually the Courts responsibility to protect[37]. Since the Plaintiff's Home and Liberty are under constant threat, it is imperative that this Court seeks the truth concerning the Plaintiff's claims. The Plaintiff's home and liberty are not secure due to constant and extensive threats by the Defendants without legal basis (violation of U.S. Constitution, 4th Amendment). The stress alone has had, and continues to have enormous impact on his family's "Liberty" and "Pursuit of Happiness". The Defendants' combined grossly fraudulent presentments now total more than $900,000.00. There is no way that the Plaintiff could owe this amount. Under the Defendants' procedures, the Plaintiff must pay their fraudulent presentments before being able to argue their validity in so-called "Tax Court". $900,000.00 is 4 times more than the sum total of everything the Plaintiff owns or could make in the next 15 years. It is impossible for the Plaintiff to produce this amount before being allowed to argue its validity. This procedure alienates "Unalienable Rights".

The Plaintiff has diligently sought legal assistance to bring this matter forward more professionally, only to discover that the "Courts" have fined Lawyers for representing people who have challenged the Defendants under the "frivolous lawsuit" pretext. The Plaintiff cannot find a willing Lawyer. This is another breach of this Plaintiff's "Constitutional Rights", as it ensures that he cannot acquire legal representation, even if he could afford it.

Since the Federal Judicial Process "relies on the litigants to present their dispute before a neutral fact-finder" (Online document – Understanding the Federal Courts – 1999, page 14), this Case must be presented before a Jury of "We, the People", as there is possible monetary bias on the part of any government employee (salary compensation) and obvious bias shown by the Judges so far.

---

[37] Decl. of Independence "… That to secure these rights, governments are instituted among men,…"

Since the Plaintiff's fraudulently confiscated (stolen) property losses are already substantial and could become significantly more, this Case requires a Trial, not a cursory denial based on fraudulent misconceptions or assumptions.

The Plaintiff does not claim that "income tax" is illegal, but that the Defendants fraudulently extended the jurisdiction of "income tax" beyond its Constitutionally limited scope in their fraudulent presentments for 1999, 2000, and 2001. The Defendants' presentments contain unsubstantiated amounts of money owed with no legal basis. The Plaintiff has been corresponding (documented) for 5 years with the Defendants, seeking this legal basis. To this date, the basis, the jurisdiction, or whatever is called its legal backing does not exist. They are null and void presentments; they represent zero dollars owed. The Plaintiff cannot be a "taxpayer". The "penalties and interest", threats, liens, and levies are extortion attempts.

Magistrate Judge Neiman's Report, page 8, "As the U.S. Defendants suggest, Plaintiff wants the best of both worlds, the benefits of United States citizenry without commensurate obligations", shows a bias where Judge Neiman can read the Plaintiff's mind and predict what the Plaintiff "wants". The Plaintiff wants the US Government to uphold the US Constitution, as it was intended. The Plaintiff wants the US Government to stop its "Abuse of Power". The Plaintiff wants the US Government to return his stolen property.

As a private citizen who has not committed any crime, the Plaintiff has legal standing and does not need to demonstrate his Right to seek justice for his Unalienable Rights and for the protection of his rightful property. The Courts' procedures cannot alienate these Rights. On the contrary, Court procedures should ensure these Rights are preserved, as officials in the 3rd Branch of Government also have sworn oaths to uphold the U.S. Constitution.

No matter what tricks may disguise the Defendants actions[38], until a legal basis for the Defendants' presentments is revealed, the Defendants are operating under an unknown jurisdiction, extorting property from the Plaintiff, and bypassing "Due Process".

Since April 14, 2000, the Plaintiff has asked for each and every claim of jurisdiction and/or authority the Defendants enjoy and/or otherwise claim to have over the Plaintiff, to include constitutional, statutory, contract and/or merchant law(s). Said information is necessary to enable the Plaintiff to adequately defend his personal property and himself; thus protecting his right to due process and equal protection. Failure to supply the requested information is "OBSTRUCTION OF JUSTICE".

Magistrate Judge Neiman's Report, on page 8 - footnote: "Unfortunately for his cause, Plaintiff incorrectly interprets the right to exist to include the right to the fruits of his own labor without any taxation." misstates the Plaintiff's Case. The Plaintiff does not exempt the "fruits of his own labor" from taxation. The Plaintiff, the Congressional Record, and the Supreme Court state that these "fruits" are property and must be taxed as property through Direct Taxation and must be apportioned. "Income Tax" does not apply to property. "Income Tax" is a tax on an activity (Privileged). "Income Tax" is an indirect tax and must be uniform. There is no 3rd category of tax allowed in the Constitution, or in the Supreme Court cites. The Plaintiff asserts that, in order to tax the Fruits of his rightful labor (his property), the Defendants must exercise a Congressionally devised, Constitutionally allowed Direct Tax, administered through Apportionment, not an indirect tax administered through uniformity.

---

[38] "All laws which are repugnant to the Constitution are null and void." Marbury vs Madison 5 U.S. 137, 174, 176

If the Legislature intended all income to be taxed, they would have enacted a legal direct tax, administered through apportionment. It would contain plain, discernable, executable language. The Defendants would have immediately cited it as a legal basis. It must not exist.

A legal, direct tax on the Plaintiff's income does not exist at this time. If it did, the Defendants would have no reason to keep its existence a secret, and should have instantly cited its reference, as required by law when challenged by the Plaintiff in April 2000. The Defendants would have had no problem producing a legal, accurate assessment. The Plaintiff would then have gladly paid it.

A legal, indirect tax on a "privileged" activity does exist. It is called "income tax". In 26 USC 1, the only "Privileged" activity that appears to exist, without Constitutional, Congressional, or Supreme Court conflict, is the privilege of "being" a protected business entity such as a corporation. This is the only discernable activity for which an "income tax" can legally be assessed. The Plaintiff was not engaged in this activity for 1999, 2000, and/or 2001. The Defendants presentments are fraudulent.

Magistrate Judge Neiman's Report on page 5, Magistrate Judge Neiman believes that a "... lack of subject matter jurisdiction ..." exists for the Massachusetts and Connecticut Defendants. The defined Constitutional limitations on taxation apply to the Massachusetts and Connecticut Defendants as well as the US Defendants. Additionally, the Massachusetts and Connecticut Defendants decided to extract data from the IRS Income Tax Form as an entry on their respective forms. They have intertwined their fraudulent scheme with that of the IRS.

The Defendants fabricated an unknown subject for their "income tax", proceeded to assess a fraudulent tax where no such legal tax exists (fraudulently extended Constitutionally limited power to tax), and then executed illegal collection actions (theft). The Defendants fraudulently confiscated portions of the Plaintiff's property (under the "income tax" pretense) and are using extortion (threats of penalties, interest, liens, levies, summons, etc) to illegally confiscate more. The Defendants are actively violating the Plaintiff's Constitutionally protected Rights, threatening his Liberty, inhibiting his "Pursuit of Happiness", and performing numerous other criminal and civil violations.

The Defendants' fraudulent presentments[39] are standing proof of their Abuse of Power, which is actively depriving the Plaintiff of his Right to Liberty and his property[40]. The Defendants have slandered his credit and interfered with his Right to Labor.

Magistrate Judge Neiman's Report on page 2 incorrectly states the scope of the Complaint to be the year 2000 instead of the Defendants' ongoing escalating fraudulent presentments for 1999, 2000, and 2001. It also incorrectly states the lawsuit's amounts and reasons for the amounts. These amounts are escalating monthly. The Defendants' fraudulent presentments include threats of seizure of property, all without "Due Process". The Plaintiff has reasonable expectation that the Defendants will continue, and possibly increase their "Abuse of Power".

---

[39] Per 18 USC 1001. Statements or entries generally - (a) "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; ..."

[40] Per 18 USC 242 Deprivation of rights under color of law – "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ..."

The IRS Defendants have recently escalated their Extortion attempts to include a fraudulently backed, improper Summons requiring the Plaintiff to appear and testify about himself.

No one, including the Judges in this Case, will supply the Plaintiff with the primary information the Plaintiff requires, a list of the privileged activity(ies) that the Plaintiff engaged in, which are the subject of "income tax". Without this, there is no "privileged" (avoidable) activity, and no subject matter for "income tax". The Defendants' presentments are baseless, fraudulent.

The Plaintiff is informed and believes that the Defendants are operating under a secret jurisdiction and, as such, are operating unlawfully. Without knowledge of jurisdiction, the Plaintiff cannot and does not know under which jurisdiction he must defend his Rights and Property. By keeping the Plaintiff insulated from knowledge of jurisdiction, the Defendants have, in effect, insulated him from his rights to due process, equal protection, and access to the courts, in which he desires to redress his grievance(s). Such is a violation of 42 USC 1983 and/or 18 USC 241 and 242.

The Plaintiff is not a professional Lawyer, nor is he a professional writer, nor can his education compete with that of his opponents. His ability to properly present his Case on paper may be somewhat crude and/or insufficient. His Unalienable Rights are nevertheless UNALIENABLE. The Court must preserve Unalienable Rights and allow "Due Process" to prevail. The Plaintiff primarily seeks the return of his Rightful property from the Defendants. It is his property, not the Defendants. There can be no law prohibiting the Defendants from returning it. The US Constitution ensures the US Government supplies the Plaintiff with protection for his Rights, including his property. The 3rd Branch of Government, designed to crosscheck Abuse of Power, has a Constitutional duty to provide and ensure a fair, impartial Trial.

The Defendants, Judge Neiman, and Judge Ponsor are manipulating the Plaintiff's words, misrepresenting the facts, and misstating the true substance of this Case. Judge Ponsor has quantified the Plaintiff's extensive legal basis into one incomplete misquote, and made a decision based on that. The Plaintiff has spent 7 years researching this fraudulent, conniving, tangled web of deceit, which took decades for the Defendants to fabricate. To actually think a few hours of pondering will provide "Due Process" for the pervasive fraud perpetrated against the Plaintiff is a miscarriage of Justice. To believe that the Plaintiff will eventually give up is to believe that he will just give away his home, his belongings, his family's future, and everything he has lived for his entire 54 years. Judge Ponsor is unaware of the extent to which the Defendants have already gone to deceive and deprive the Plaintiff. The truth must prevail. This warrants a Trial.


The Plaintiff sincerely hopes that the Judge(s) reflect upon our Ancestors bloodshed and the significance of the "taxation atrocities" detailed in the "Declaration of Independence" when they consider this Case. To allow the Government's need for operating capital to stretch the Defendants' purposely limited taxation powers beyond Constitutional limits would set our Country back 200 years. What will America, or Freedom, be like in another 50 years?




David P. Fontaine – Plaintiff Pro Se
Under Threat, Duress, and/or Coercion

Oct 12, 2005
Date

## CERTIFICATE OF SERVICE

I, David P. Fontaine, Plaintiff (Pro Se), 68 Van Horn St., West Springfield, MA 01089, do hereby

certify that on _Oct 12, 2005,_ a true copy of the above document was served by first class

mailing, postage prepaid, upon:


Lydia D. Bottome
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044.

Heather J. Wilson
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm St.
Hartford, CT 06141

William J. Prensky
Office of the Attorney General
State of Connecticut
Post Office Box 120
55 Elm St.
Hartford, CT 06141

Michael J. Sullivan
United States Attorney
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.

William P. O'Neil
Office of the Attorney General
Commonwealth of Massachusetts
Western Massachusetts Division
1350 Main St.
Springfield, MA 01103


David P. Fontaine – Plaintiff Pro Se
68 Van Horn St.
West Springfield, MA 01089
413-739-0152